Barrett, J.
The point is well taken that the damages are not liquidated by the affidavit. An attachment cannot be reduced; consequently, a general .averment of damage, as in a complaint, will not do. *478 The siiecific sum must be established by proof, not merely averred.
Here the plaintiff sues for the contract price, claiming that as his damage. But such is not his damage. His damage is the difference between the contract and' the market price of the property at the time.for delivery (Billings v. Vanderbeck, 23 Barb. 554; Davis v. Shieds, 24 Wend. 322; Sedg. on Damages, 260). This rule is not affected by the foreign cases cited by plaintiff. The case of Bement v. Smith (15 Wend. 493),' was explained in Billings v. Vanderbeck (supra), as applicable to work and labor, as where a machine ..is manufactured for the vendee. But here it is not averred that the machines were to be manufactured for defendant. The affidavit specifies only an agreement to sell and deliver, non constat, from an existing stock of machines.
It is not necessary, therefore, to consider the other points, as, for the reasons given, the plaintiff has not shown by affidavit that he is entitled to recover the sum. stated.
Motion granted, with costs.