THE SARATOGA GAS AND ELECTRIC-LIGHT COMPANY, RESPONDENT, *v.* ROWLAND N. HAZARD, APPELLANT.

*Pleadings — complaint alleging unlawful conversion and disposal of bonds, sufficient — allegation as to genuineness of the certificate on the bond of the trustee of the mortgage.*

A complaint which alleged that the plaintiff was entitled to the immediate possession of certain mortgage bonds, the property of the plaintiff, and that on the 31st day of January, 1889, at the city of New York, the defendant being then in possession of the bonds, unlawfully converted and disposed of the same to his own use, and to the plaintiff's damage, states a cause of action.

The fact that the complaint did not allege a demand and refusal to deliver the bonds, did not render it insufficient, as it alleged not only an unlawful conversion but a disposal of the bonds, which involved the exercise of a dominion over the property, such as the defendant was not entitled to exercise, by reason of his possession.

A copy of one of the bonds was made a part of the complaint, but it did not appear whether the certificate of the trustee, which appeared to have been indorsed upon the bonds, bore the genuine signature of the trustee of the mortgage or not, as the certificate was not made a part of the complaint.

*Held,* that an objection that it did not appear from the complaint that the bonds referred to had any force or effect whatever, or were of any value, inasmuch as the complaint did not contain an allegation that they were duly authenticated by the signature of the trustee, to the certificate indorsed upon them, could not be sustained; that such facts might be set up by way of defense, but did not in any way invalidate the cause of action set out in the complaint.

APPEAL by the defendant, Rowland N. Hazard, from an order made at a Special Term, held in the county of New York on the 15th day of October, 1889, and entered in the office of the clerk of the county of New York on that day, denying the defendant's motion to vacate an order of arrest, theretofore granted against said defendant in this action, upon the papers upon which the said order of arrest was granted.

The complaint in the action alleged, among other things, the following: That at the time hereinafter mentioned this plaintiff was entitled to the immediate possession of fifty-seven six per cent gold bonds, heretofore issued by this plaintiff, of the par value of $1,000, * * * with semi-annual coupons thereto annexed, for the payment of thirty dollars interest on each of the said bonds on the first days of August and February, in each year after February 1, 1887 (the said bonds and coupons being in the form of which Exhibit "A" hereto annexed is a copy), the property of this plaintiff, and which bonds were and are of the value of $1,000 each; that, on the 31st day of January, 1889, at the city of New York, the defendant then being in possession of the said fifty-seven bonds, and the coupons thereafter payable, unlawfully converted and disposed of the same to his own use, and to this plaintiff's damage, $57,000. The bonds were secured by a mortgage of like date, given to trustees to secure their payment.

*A. Perry* and *Daniel Clarke Briggs,* for the appellant.

*C. F. Stone,* for the respondent.

VAN BRUNT, P. J.:

The ground upon which this motion is made is that the complaint fails to set forth a sufficient cause of action. And it must be conceded that if this is the case, then the motion must be granted.

The complaint alleges the incorporation of the plaintiff; that at the times therein mentioned the plaintiff was entitled to the immediate possession of certain bonds (being in the form of which a copy is annexed to the complaint), the property of the plaintiff, and that on the 31st of January, 1889, in the city of New York, the defendant being then in possession of the bonds unlawfully converted, and disposed of the same to his own use and to the plaintiff's damage.   The objection to this complaint is, that it does not allege a demand and refusal.   It is undoubtedly true, that where a defendant has come lawfully into the possession of personal property a demand must be made before trover will lie, unless there is evidence that the defendant has unlawfully parted with the possession of the property.   So it has been held, that an action for conversion against one who has received property under an agreement to return it, cannot be maintained until it has been proven that its return has been demanded; so a *bona fide* purchaser of personal property wrongfully taken from the possession of the owner is not liable for conversion until after demand and refusal.   (*Gillet* v. *Roberts*, 57 N. Y., 28.)   But it is equally true, that where it appears that the defendant has exercised a dominion over the property, such as he was not entitled to exercise, by reason of its possession, for example, has sold and disposed of the property, an action for conversion will lie without a demand.   (*Kelsey* v. *Griswold*, 6 Barb., 440.)   This principle is also upheld in *Colgate* v. *Pennsylvania Railway Company* (102 N. Y., 120, and cases there cited).   The allegation, therefore, contained in the complaint that the defendant had disposed of the bonds and converted them to his own use seems to fulfill the requirement showing a conversion, and no demand thereafter was necessary.

It is undoubtedly true that the mere allegation that the defendant had converted the property to his own use would not have been sufficient.   But where it is coupled with the allegation that he has disposed of the property which he had no right to do, and which disposal constituted the conversion, the allegation seems to be sufficient.   We concur with the learned counsel for the appellant, that the infirmities of the complaint cannot be aided by any allegation in the affidavit; and that if the complaint is defective in setting up a cause of action, the order of arrest should be vacated.

It is urged that there is another defect in the complaint, in that it appears from the complaint that the bonds referred to had no force or effect whatever, and were, therefore, worthless, because the complaint did not contain an allegation that they were duly authenticated by the signature of the trustee to the certificate indorsed upon the bonds.

We do not think that this objection is well taken. The bond itself is made a part of the complaint. But whether or not the certificate, which appears to have been indorsed upon the bond, bore the signature of the trustee we are not aware, because such certificate is not made a part of the complaint, and it is impossible for us to tell whether or not these bonds were in a condition to be of value. This would be a subject-matter of defense, and does not in any way invalidate the cause of action set out in the complaint.

The order should be affirmed, with ten dollars costs and disbursements.

BARTLETT, J., concurred.

BARRETT, J. :

I concur. The allegation, that the defendant disposed of and converted the bonds, is equivalent to saying that he disposed of them (which is a fact) and *thereby* converted them.

Order affirmed, with ten dollars costs and disbursements.