(3 App. Div. 446; 25 Civ. Proc. R. 230.)

### MORTON v. CHESLEY.

(Supreme Court, Appellate Division, First Department. April 10, 1896.)

RECOVERY OF PERSONAL PROPERTY—VALUE—ORDER OF ARREST.

    To support an order of arrest in an action to recover books alleged to have been removed from the state of New York by defendant, the complaint must allege their value, and set out facts showing that such value is real. 37 N. Y. Supp. 1065, affirmed.

Appeal from special term, New York county.

Action by Francis F. Morton, as sole surviving partner, etc., against George W. Chesley. From an order vacating an order of arrest (37 N. Y. Supp. 1065), plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

J. A. Blair for appellant.
C. Norwood, for respondent.

VAN BRUNT, P. J. This action was brought by the plaintiff as sole surviving partner to recover the possession of certain books of account, the property of the co-partnership of which the defendant's father had been a member; said firm having been dissolved on the 4th of April, 1892, and the defendant's father having died on the 12th of October, 1895, and the defendant having been appointed his

administrator. The complaint contained no allegation in regard to the value of the books, nor was there any averment therein which showed that they were of any value whatever. The damages for detention were alleged to be the sum of $1,000. Upon an allegation that the defendant had removed a part of the books from the state of New York, so that they could not be found or taken by the sheriff, an order of arrest was granted in this action, with bail in the sum of $1,000. Upon motion this order was vacated, on the ground that there was no allegation of the value of the goods in the complaint, and consequently no foundation for the fixing of bail in the order of arrest.

The only allegation in the complaint was that the damages of detention were the sum of $1,000. This allegation is altogether too indefinite upon which to found any judgment as to the necessity of bail, and, there being nothing from which the court could judge as to the value of the property, it is evident there were no facts before the court upon which it could exercise its discretion in the matter of bail. At most, the defendant could only have been held in nominal bail; and the court will not grant orders of arrest under such circumstances. Even if there had been an allegation of value of a like character to that of the allegation of damages for detention, it would not have afforded any justification for the court to act. It requires something more than the mere allegation of damages or value. There must be some facts set forth showing that such value is real, or that the damages have some foundation.

The order should be affirmed, with $10 costs and disbursements. All concur.