Charles A. Bloomingdale, Respondent, *v.* William P. Cook (the
Name "William" being Fictitious, the Real Name of Said
Defendant being unknown to Plaintiff) and John Doe (the Name
"John Doe" being Fictitious, the Real Name of Said Defendant
being unknown to Plaintiff), Composing the Firm of W. P.
Cook & Bro., Appellants.

*Attachment in an action on a contract for the sale of goods — form of affidavit
required by Code of Civil Procedure, section 636.*

An affidavit stating that "on or about the 22d day of April, 1898, the plaintiff
and the defendants entered into a contract or agreement whereby the defend-
ants agreed to sell and deliver to the plaintiff six carloads of potatoes at an
agreed price of seventy cents ($.70) per bushel. That the defendants have
failed and refused to ship and deliver to the plaintiff the said six carloads of
potatoes as agreed upon, and that because of the failure of the defendants to
deliver to the plaintiff the said six carloads of potatoes, as they had agreed to
do, this plaintiff has suffered damage by reason of the breach of the contract
on the part of the defendants in the sum of twelve hundred and seventy-four
and 92/100 dollars," is insufficient as the basis for an attachment, under section
636 of the Code of Civil Procedure, in that it fails to show that the plaintiff is
entitled to recover a sum stated therein, over and above all counterclaims
known to him.

*Semble,* that in such a case it is necessary that the affidavit should show the price
of the potatoes, the number of bushels involved, and the market price of such
potatoes at the proposed time and place of delivery.

Appeal by the defendants, William P. Cook (the name "Wil-
liam" being fictitious, the real name of said defendant being
unknown to plaintiff) and John Doe (the name "John Doe" being
fictitious, the real name of said defendant being unknown to plain-
tiff), composing the firm of W. P. Cook & Bro., from an order of
the Supreme Court, made at the Kings County Special Term and
entered in the office of the clerk of the county of Kings on the
16th day of July, 1898, denying the defendants' motion to vacate a
warrant of attachment obtained against them upon the ground that
they were non-residents.

*Edward F. Dwight,* for the appellants.

*Frank Gardner,* for the respondent.

WOODWARD, J.:

The motion to vacate the attachment was made upon the papers, and was based upon two defects, only one of which is necessary to be considered at this time. It is contended that the affidavit on which the warrant of attachment was issued was defective, in that it failed to state the facts necessary to show the court that the plaintiff is entitled to recover the amount claimed, as required by section 636 of the Code of Civil Procedure, which reads as follows: "1. That one of the causes of action specified in the last section exists against the defendant. If the action is to recover damages for breach of contract, the affidavit must show that the plaintiff is entitled to recover a sum stated therein, over and above all counterclaims known to him."

The essential portion of the affidavit on which the warrant of attachment was granted states that: "On or about the 22d day of April, 1898, the plaintiff and the defendants entered into a contract or agreement whereby the defendants agreed to sell and deliver to the plaintiff six carloads of potatoes at an agreed price of seventy cents ($.70) per bushel. That the defendants have failed and refused to ship and deliver to the plaintiff the said six carloads of potatoes as agreed upon, and that because of the failure of the defendants to deliver to the plaintiff the said six carloads of potatoes, as they had agreed to do, this plaintiff has suffered damage by reason of the breach of the contract on the part of the defendants in the sum of twelve hundred and seventy-four and 92/100 dollars."

Just how the court is to be judicially satisfied that the plaintiff is entitled to recover the amount stated in the affidavit we are unable to see. The only fact bearing upon the question is that the defendants agreed to sell the plaintiff six carloads of potatoes at seventy cents per bushel, and that they have failed to do so. It does not state how many bushels of potatoes are necessary to make a carload, or how many bushels of potatoes were involved in the contract. So far as the court is informed by the affidavit there is no evidence that the entire transaction involved an amount of money equal to that demanded by the plaintiff; it is simply stated that there were six carloads of potatoes contracted for, and that each bushel of potatoes contained in these six carloads was to be valued

at seventy cents, and this amount the plaintiff agreed to pay. The value of the entire cargo is not given, nor is there any intimation of the price per bushel or per carload of potatoes at the point of delivery at the time such delivery should have been made.

The language of the law is that "the affidavit must show that the plaintiff is entitled to recover a sum stated therein," and this has clearly not been done in the affidavit under consideration. To show that the plaintiff is entitled to recover the amount stated, it is necessary to show the price of the potatoes, the number of bushels involved, and the market price of such potatoes at the proposed point of delivery, at the time such delivery should have been made. The measure of damages in the absence of proof of special damages growing out of the failure of the defendants to deliver, would be the difference in price between what they would have cost the plaintiff, and what he might have received for them at the market price; and whether this would have been $1,274, or $10,000 does not appear from the affidavit on which the warrant of attachment was granted, and it is, therefore, defective.

"A cause of action," say the court in the case of *Haskell* v. *Osborn* (33 App. Div. 127, 129), "may be completely set forth where only nominal damages can be recovered, and, therefore, in an affidavit upon which to found an application for an attachment where the damages are unliquidated, it is necessary for the plaintiff to set out the facts which he claims prove his damages in order that the court may judge as to whether he has evidence of damages, and that his allegations of damage are not mere matter of speculation." This is the doctrine of *Thorington* v. *Merrick* (101 N. Y. 5), and we find no authorities which hold differently.

The order appealed from should be reversed.

All concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.