## BLOOMINGDALE v. COOK et al.

(Supreme Court, Appellate Division, Second Department. December 13, 1898.)

ATTACHMENT—AFFIDAVIT—SUFFICIENCY.

An affidavit for attachment, alleging that defendant agreed to sell plaintiff six car loads of potatoes, at 70 cents per bushel, and demanding a certain sum, is not sufficient, under Code Civ. Proc. § 636, requiring the affidavit to show that plaintiff is entitled to recover a sum stated therein, since it does not show how many bushels comprise six car loads, nor the market price of the potatoes at the time and place of delivery.

Appeal from special term, Kings county.

Action by Charles A. Bloomingdale against William P. Cook and John Doe, composing the firm of W. P. Cook & Bro. There was an order denying defendants' motion to vacate a warrant of attachment, and they appeal. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Edward F. Dwight, for appellants.
Frank Gardner, for respondent.

WOODWARD, J. The motion to vacate the attachment was made upon the papers, and was based upon two defects, only one of which is necessary to be considered at this time. It is contended that the affidavit on which the warrant of attachment was issued was defective, in that it failed to state the facts necessary to show the court that the plaintiff is entitled to recover the amount claimed, as required by section 636 of the Code of Civil Procedure, which reads as follows:

"(1) That one of the causes of action specified in the last section exists against the defendant. If the action is to recover damages for breach of contract, the affidavit must show that the plaintiff is entitled to recover a sum stated therein, over and above all counterclaims known to him."

The essential portion of the affidavit on which the warrant of attachment was granted states that:

"On or about the 22d day of April, 1898, the plaintiff and the defendants entered into a contract or agreement, whereby the defendants agreed to sell and deliver to the plaintiff six car loads of potatoes, at an agreed price of seventy cents ($.70) per bushel; that the defendants have failed and refused to ship and deliver to the plaintiff the said six car loads of potatoes as agreed upon; and that, because of the failure of the defendants to deliver to the plaintiff the said six car loads of potatoes as they had agreed to do, this

plaintiff has suffered damage, by reason of the breach of the contract on the part of the defendants, in the sum of twelve hundred and seventy-four and $^{92}/_{100}$ dollars."

Just how the court is to be judicially satisfied that the plaintiff is entitled to recover the amount stated in the affidavit, we are unable to see. The only fact bearing upon the question is that the defendants agreed to sell the plaintiff six car loads of potatoes, at 70 cents per bushel, and that they have failed to do so. It does not state how many bushels of potatoes are necessary to make a car load, or how many bushels of potatoes were involved in the contract. So far as the court is informed by the affidavit, there is no evidence that the entire transaction involved an amount of money equal to that demanded by the plaintiff. It is simply stated that there were six car loads of potatoes contracted for, and that each bushel of potatoes contained in those six car loads was to be valued at 70 cents, and this amount the plaintiff agreed to pay. The value of the entire cargo is not given, nor is there any intimation of the price per bushel or per car load of potatoes at the point of delivery, at the time such delivery should have been made. The language of the law is that "the affidavit must show that the plaintiff is entitled to recover a sum stated therein"; and this has clearly not been done in the affidavit under consideration. To show that the plaintiff is entitled to recover the amount stated, it is necessary to show the price of the potatoes, the number of bushels involved, and the market price of such potatoes at the proposed point of delivery, at the time such delivery should have been made. The measure of damages, in the absence of proof of special damages growing out of the failure of the defendants to deliver, would be the difference in price between what they would have cost the plaintiff and what he might have received for them at the market price; and whether this would have been $1,274 or $10,000 does not appear from the affidavit on which the warrant of attachment was granted, and it is therefore defective. "A cause of action," say the court in the case of Haskell v. Osborn, 33 App. Div. 127, 129, 53 N. Y. Supp. 361, 362, "may be completely set forth where only nominal damages can be recovered; and therefore, in an affidavit upon which to found an application for an attachment where the damages are unliquidated, it is necessary for the plaintiff to set out the facts which he claims prove his damages, in order that the court may judge as to whether he has evidence of damages, and that his allegations of damage are not mere matter of speculation." This is the doctrine of Thorington v. Merrick, 101 N. Y. 5, 3 N. E. 794, and we find no authorities which hold differently.

The order appealed from should be reversed.

Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs. All concur.