(Supreme Court, Special Term, New York County. March, 1899.)

ATTACHMENT—AFFIDAVIT.

An affidavit in attachment based on a failure to deliver four car loads of apples, at an agreed price per box, which states the amount of the damages claimed, but fails to state the market price at time and place of delivery, the number of boxes in a car, or the total sum to be paid, does

not sufficiently show that plaintiff is "entitled to recover a sum stated therein."

Action by, Charles Forster against Luke Scurich and another. Motion to vacate a warrant of attachment. Granted.

George W. Van Slyck, for the motion.
Robert W. Todd, opposed.

GIEGERICH, J. The affidavit upon which the attachment is based in substance alleges the sale by the defendants to the plaintiff on or about the 9th day of September, 1898, of four car loads of fancy Newtown pippins, at the agreed price of $1.25 per box, which were to be delivered on board of cars at Watsonville, in the state of California, during the months of October and November, 1898; the payment of $200 on account of the contract; the delivery of one car load of apples, which the plaintiff paid for at the said agreed price per box; the refusal of the defendants to deliver the remainder of said fruit, in consequence of which the plaintiff claims to have been damaged to the amount of $503.20, which he alleges he is entitled to recover, over and above all counterclaims known to him. Presiding Justice Van Brunt, who wrote in Haskell v. Osborn, 33 App. Div. 127, 129, 53 N. Y. Supp. 362, uses the following language:

"A cause of action may be completely set forth where only nominal damages can be recovered, and therefore, in an affidavit upon which to found an application for an attachment, where the damages are unliquidated, it is necessary for the plaintiff to set out the facts which he claims prove his damages, in order that the court may judge as to whether he has evidence of damages, and that his allegations of damage are not mere matter of speculation."

The affidavit in question fails to disclose any facts from which it can be inferred that the plaintiff has sustained the damages claimed in consequence of the alleged breach. The measure of damages in such a case as this is the estimated loss directly and naturally resulting from the seller's breach of contract, and, prima facie, when there is an available market for the goods in question the measure is the difference between the contract price and the market price of the goods at the agreed time and place of delivery. In the case at bar the affidavit does not state what the market price was, if any, for apples of the stipulated kind at the agreed time and point of delivery; nor does it specify the number of boxes of apples which were to constitute a car load, nor the total sum which was to be paid for the four car loads of apples. In absence of proof with respect to these essentials, the plaintiff's damages, if any, resulting from the failure of delivery of the remainder of the fruit, are mere matter of speculation, and hence the allegation that he suffered damage in the sum above stated is a mere conclusion on his part.

The plaintiff urges that the attachment should be allowed to stand because, as claimed, the said sum of $200 was paid when the contract was entered into. However, the affidavit shows otherwise. According to it, the sale was made on or about the 9th day of September, 1898; that thereafter, and on or about the 7th day of November, 1898, the sum last mentioned was paid on account of the said contract. The affidavit further alleges:

"That thereafter, and on or about the ——— day of November, 1898, the said defendants, in part performance of the said contract, delivered to the plaintiff, at Watsonville, in the state of California, one car load of said apples, which car load was thereafter accepted and received by the plaintiff, and the agreed price of $1.25 per box paid to the said defendants therefor."

Reading this averment in connection with the one immediately preceding it, the inference is fairly deducible that the purchase price of the car load of apples so accepted amounted in the aggregate to the said sum of $200, and that such sum was received in full payment thereof. If I am correct in this view, the case necessarily turns upon the questions arising with regard to the fruit which was undelivered. Upon the facts, this case is similar to Bloomingdale v. Cook, 35 App. Div. 360, 54 N. Y. Supp. 924. There the affidavit alleged that the defendant agreed to sell and deliver to the plaintiff six car loads of potatoes, at an agreed price of 70 cents per bushel, that the former failed to do so, and that by reason of such breach of the contract the plaintiff suffered damage in the sum of $1,274.92. Upon appeal to the appellate division the order denying the motion to vacate the attachment was reversed. Woodward, J., speaking for the court, said (page 362, 35 App. Div., and page 925, 54 N. Y. Supp.):

"The language of the law is that 'the affidavit must show that the plaintiff is entitled to recover a sum stated therein,' and this has clearly not been done in the affidavit under consideration. To show that the plaintiff is entitled to recover the amount stated, it is necessary to show the price of the potatoes, the number of bushels involved, and the market price of such potatoes at the proposed point of delivery at the time such delivery should have been made. The measure of damages, in the absence of proof of special damages growing out of the failure of the defendants to deliver, would be the difference in price between what they would have cost the plaintiff, and what he might have received for them at the market price; and whether this would have been $1,274 or $10,000 does not appear from the affidavit on which the warrant of attachment was granted, and it is therefore defective."

Applying the reasoning of the foregoing case to the one at bar, it is clear that the affidavit herein is wholly insufficient; and therefore the motion to vacate the warrant of attachment is granted, with $10 costs.