(98 App. Div. 1.)

BARNES v. GOSS.

(Supreme Court, Appellate Division, First Department. November 11, 1904.)

1. ORDER OF ARREST—AFFIDAVIT AND COMPLAINT—SUFFICIENCY.

> In an action by a landlord for the wrongful conversion by a tenant of certain household furniture, a complaint and affidavit specifying the articles converted, and stating in general terms that they were of the value of $2,500, and that plaintiff had sustained damage in a like sum, but failing to show the character, condition, or value of any of the articles, are insufficient to support an order of arrest.
>
> Patterson, J., dissenting.

Appeal from Special Term, New York County.

Action by Frances M. Barnes against Marie Goss. From an order denying a motion to vacate an order of arrest, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Charles K. Carpenter, for appellant.
Robert W. B. Elliott, for respondent.

HATCH, J. The motion was made upon the papers upon which the order of arrest was granted. They consisted of the summons and complaint and an affidavit of the plaintiff. The action was brought to recover damages for the alleged conversion of certain personal property, consisting of household goods and furniture, which are specially enumerated in the complaint and in the affidavit. In substance, the complaint avers that the plaintiff is the owner of a certain house and lot, known as No. 239 Central Park West, in the borough of Manhattan, city of New York, and certain household goods, furniture, and articles therein situated and thereafter described; that on or about the 10th day of July, 1900, the plaintiff leased the said premises to the defendant, together with the household furniture, goods, and articles situated in the said premises, and specified in an inventory annexed to the lease, for the term of five years from the 1st day of September, 1900, at the yearly rental of $3,000; that among the said household furniture, goods, and articles belonging to the plaintiff, and leased to the defendant by the said lease, were the articles which the complaint proceeds to enumerate. The complaint further avers that the defendant failed and refused to pay the rent due on the 1st day of June, 1904, and thereafter, on the 7th day of June, the plaintiff obtained a final order in summary proceedings, awarding to her the possession of the premises, and that thereby plaintiff became entitled to the immediate possession of the same, and of the personal property enumerated; that thereafter, and on the 11th day of June,

1904, plaintiff duly demanded of the defendant the return of the personal property, but that the defendant willfully withholds the same, and has refused to return the same to the plaintiff, to the plaintiff's damage of $2,500. Then follows a demand for judgment in that amount, together with costs and disbursements. The affidavit reaffirms the averments of the complaint; the only additional statement being that on the 11th day of June plaintiff attended at the premises for the purpose of taking possession of the same, and found the defendant still in possession; that she refused to give up the personal property therein contained; and that the defendant had broken and destroyed a large portion of the furniture, and replaced it with greatly inferior articles, to the damage of the plaintiff. The allegation of value in the affidavit, as in the complaint, is general; being in one instance that the articles are of the value of $2,500, and in the complaint that the plaintiff has sustained damage in a like sum. There is no statement in the complaint showing the character, condition, or value of any specific article enumerated either in the complaint or affidavit. The enumeration is of articles of household furniture, but whether such furniture was new or old, in good repair or dilapidated, there is no statement, and nothing appears from which the court can determine from any description what the true value of the property was. The enumeration of specific articles does not aid in this direction, because they may have been of such a character and in such a condition as to be of a merely nominal value. Nothing appears beyond the bare assertion of the plaintiff as to value, and upon that subject it could have been stated that the articles were five times the value asserted, or five times less than the value asserted, and the court possessed no more information as to the value of the articles in the one case than in the other. In Morton v. Chesley, 3 App. Div. 446, 38 N. Y. Supp. 252, this court held that facts must be stated showing the value of the articles alleged to have been converted, and where there was no statement of the value of the subject-matter of the action, and the only information was that the damages for detention were suffered in a given amount, that it was insufficient to support an order of arrest, there being nothing before the court which would enable it to judge of the value of the property, and therefore there was no basis upon which the court could act; that under such an averment the most that could be claimed was that it authorized a holding to bail in a nominal sum, but an order of arrest will not issue under such circumstances. See, also, Bloomingdale v. Cook, 35 App. Div. 360, 54 N. Y. Supp. 924. These cases are conclusive of the question presented by this appeal, as nothing farther appears showing the value of the property herein than appeared in these cases. The statement of amount of damage, whether great or small, does not change the condition.

It is extremely doubtful whether the complaint in this case states a cause of action. There is no averment that the defendant ever entered into the possession of any articles. By the terms of the lease, although made in June, it was not to take effect until September, and the complaint is destitute of allegation that on the last-named date the plaintiff entered into possession of the personal property. The

only averment which hints at the subject is that, after possession of the premises had been awarded to the plaintiff, an attempt was made to obtain a return of the personal property, and that the defendant failed to comply with the demand, and willfully withholds the same. It is only by inference, therefore, that plaintiff is shown to have been at any time in the possession of the property, and this would seem not to be sufficient. Saratoga Gas & Electric Light Co. v. Hazard (Sup.) 7 N. Y. Supp. 844. The affidavit may not be resorted to to help out the averments of the complaint, but, if it could be in this case, it is as defective in this respect as is the complaint. Without regard to the latter question, however, we place our decision in this case upon the ground first above stated.

It follows that the order denying defendant's motion to vacate the order of arrest should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.

VAN BRUNT, P. J., and O'BRIEN and LAUGHLIN, JJ., concur. PATTERSON, J., dissents.