## INGALLS STONE CO. v. NUNN.

(Supreme Court, Appellate Division, Third Department. December 30, 1909.)

1. ATTACHMENT (§ 102*) — GROUNDS — ACTION IN WHICH AUTHORIZED — UN-
   LIQUIDATED DEMANDS.

   Where an attachment is sought in an action for unliquidated damages,
   the evidence must show prima facie that plaintiff has sustained damages
   to the extent claimed.

   [Ed. Note.—For other cases, see Attachment, Dec. Dig. § 102.*]

2. ATTACHMENT (§ 102*)—GROUNDS—UNLIQUIDATED DAMAGES.

   The complaint alleged the execution of a contract whereby, for $9,000,
   plaintiff agreed to manufacture for defendant the stone required for a
   certain building; that plaintiff began the work, and purchased stone to
   manufacture for defendant, after which defendant revoked the contract,
   leaving certain finished and partly finished stone on its hands, by reason
   of which plaintiff suffered loss in the sum of $2,000. A copy of the con-
   tract, showing the stone required and the time of delivery, was attached.
   *Held*, that the complaint did not allege facts showing prima facie that
   plaintiff had sustained damages to the amount claimed, so as to support
   an attachment for nonresidence; there being no specific statement as to
   how much work plaintiff performed, or how much material he had fur-
   nished, or what the contract would have been worth to plaintiff, had it
   been completed.

   [Ed. Note.—For other cases, see Attachment, Dec. Dig. § 102.*]

   Chester and Kellogg, JJ., dissenting.

Appeal from Special Term, Broome County.

Action by the Ingalls Stone Company against Lucian L. Nunn.
From an order denying a motion to vacate a warrant of attachment,
defendant appeals. Reversed, and motion granted.

Argued before SMITH, P. J., and CHESTER, KELLOGG,
COCHRANE, and SEWELL, JJ.

Simon Fleischmann, for appellant.
C. H. Hitchcock, for respondent.

COCHRANE, J. The warrant of attachment was issued on the
ground of the nonresidence of the defendant. This motion to vacate the
warrant is founded only upon the papers upon which it was granted,
and raises, therefore, the question of the insufficiency of those papers.

The plaintiff alleges a written contract whereby it agreed for the
sum of $9,000 to manufacture and deliver to the defendant all the
stonework for a certain building then in process of erection by him;
that immediately upon making said contract plaintiff entered upon the
performance thereof, and discontinued other work at its factory, and
purchased a large quantity of stone for the purpose of manufacturing
the same for the defendant, and employed men to do the necessary
work in connection therewith; that six days after the contract was
made defendant revoked his contract, to plaintiff's great loss and in-
jury; that plaintiff is left with certain stone manufactured and partly
manufactured for said contract which is of no value "to it"; that a
large quantity of stone purchased for the execution of the contract the
plaintiff will have to store at an expense, and dispose of from time to

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

time as opportunity may offer and at such price as it may be able to obtain; that the plaintiff, at defendant's request, discontinued other work at its factory, and declined and postponed other work, and employed skilled men in the execution of said contract, which said labor and time has been wholly lost, to the great damage and injury of plaintiff. The complaint concludes as follows:

"That plaintiff has suffered loss and damage in the premises by reason of the facts aforesaid, and also for the profits which it might and could have gained, but for defendant's countermand of his order, in the sum of $2,000"

—for which sum judgment is demanded. A copy of the contract is attached to the complaint, showing specifically the stonework required, and that delivery thereof was to begin within two weeks, and providing for subsequent deliveries, and also containing this provision:

"This contract being given with the understanding that early delivery is of vital importance, it is agreed that the entire capacity of your Bedford plant be reserved exclusively for this job."

The attachment was issued on the complaint and on an affidavit, the only important statement in which, other than the statement of the nonresidence of defendant, was as follows:

"That the plaintiff is justly entitled to recover from the defendant the amount of damages mentioned in the complaint, to wit, the sum of $2,000, over and above all counterclaims known to the plaintiff upon the cause of action which is set forth in the complaint herein, which is hereby referred to and made a part hereof."

In order to sustain this attachment, it must appear from the affidavit and the complaint, treating the latter also as an affidavit, that the plaintiff is entitled to recover $2,000 over and above all counterclaims known to it. Code Civ. Proc. § 636, subd. 1. This being an action for unliquidated damages, evidentiary facts must appear showing prima facie that plaintiff has sustained damages to the extent claimed. Chazy Marble Lime Company v. Deely, 88 App. Div. 150, 84 N. Y. Supp. 396; Delafield v. Armsby Company, 62 App. Div. 262, 71 N. Y. Supp. 14; Southwell v. Kingsland, 85 App. Div. 384, 83 N. Y. Supp. 356; Haskell v. Osborn, 33 App. Div. 127, 53 N. Y. Supp. 361.

In Chazy Marble Lime Company v. Deely, supra, the headnote is as follows:

"While an attachment may be granted where unliquidated damages only are demanded, there must be sufficient evidence of such damages to authorize the court to say prima facie that the plaintiff has sustained damages to the extent of the amount claimed."

In Haskell v. Osborn, supra, it was said:

"A cause of action may be completely set forth where only nominal damages can be recovered, and therefore, in an affidavit upon which to found an application for an attachment, where the damages are unliquidated, it is necessary for the plaintiff to set out the facts which he claims prove his damages, in order that the court may judge as to whether he has evidence of damages and that his allegations of damage are not mere matters of speculation."

In Haebler v. Bernharth, 115 N. Y. 459, 22 N. E. 167, relied on by plaintiff, the only question in the Court of Appeals was the question

of jurisdiction. That case was explained in Southwell v. Kingsland, supra, the court saying:

"The jurisdiction of the two courts upon appeal being essentially different, one weighing the evidence and the other only seeing whether there is any evidence to support the necessary allegations."

The complaint herein, stripped of conclusions, alleges merely the contract, the partial performance thereof by plaintiff, its rescission by defendant, and certain facts, indicating partial performance, from which special damages may have been sustained. There is no specific statement as to how much work the plaintiff has performed, or how much material it has furnished, or that it cannot dispose of its material in the market; nor is there any statement showing the mental process by which plaintiff arrives at its conclusion as to the amount of damages. There is no statement as to what the contract would have been actually worth to plaintiff, if it had been completed, nor any statement warranting the conclusion that the defendant has lost $2,000. Every statement of fact in the complaint and affidavit might be true, if plaintiff had sustained only nominal damages. The complaint may be sufficient as a pleading; but it is quite insufficient as an affidavit on which to base an attachment. The authorities are against an attachment on such evidence.

In Penoyer v. Kelsey, 150 N. Y. 77, 44 N. E. 788, 34 L. R. A. 248, the court said, in speaking of this remedy of attachment:

"Owing to the statutory origin and harsh nature of this remedy, the section in question should be construed, in accordance with the general rule applicable to statutes in derogation of the common law, strictly in favor of those against whom it may be employed."

Within the principle of the cases cited, plaintiff failed to establish that it was entitled to recover a specific amount over and above all counterclaims known to it, and the order denying the defendant's motion to vacate the attachment must therefore be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur, except CHESTER and KELLOGG, JJ., who dissent.