37–01 31ST STREET REALTY CORPORATION, Plaintiff, *v.* WALTER C. YOUNG et al., Defendants.

Supreme Court, Special Term, Kings County, June 29, 1951.

*Chadbourne, Hunt, Jaeckel & Brown* for defendants appearing specially.

*Irwin S. Rever* for plaintiff.

KLEINFELD, J. In an action for the return of the security deposited by plaintiff's assignor pursuant to the terms of a lease, defendants move for an order vacating a warrant of attachment on the ground that the action is not one for the recovery of a sum of money only as provided by section 902 of

the Civil Practice Act, and upon the further ground that the papers upon which the warrant was granted fail to set forth a cause of action against the defendants. The attachment was predicated upon an affidavit and verified complaint. The plaintiff, in its complaint sets forth, in substance, that plaintiff's assignor had entered into a lease with the defendants and as security for the faithful performance on the assignor's part of the terms of the lease deposited with the defendants a United States Treasury bearer bond in the sum of $10,000. The lease further provided that upon its termination *the said bond was to be returned to the tenant*. Thereafter, the assets and liabilities of the leasehold were assigned to the plaintiff who subsequently vacated the premises pursuant to a court order. The plaintiff further alleged that under the terms of the lease it was entitled to a return of the deposit " hereinbefore mentioned "; that demand was made for the return of $10,000 of which no part was paid. In its affidavit, plaintiff alleges that the action was brought to recover a sum of money only as damages because of the failure of the defendants to return the $10,000 left as security.

An attachment being of statutory origin and harsh in its nature, the statutes relating thereto must be construed " in accordance with the general rule applicable to statutes in derogation of the common law, *strictly in favor o· those against whom it may be employed.*" (*Penoyar* v. *Kels iy,* 150 N. Y. 77, 80, italics supplied; *Nomikos [London] Ltd.* v. *Petroutsis,* 186 Misc. 710.) It is further axiomatic that while upon attachment the court does not search the complaint as upon a motion to dismiss, yet if the complaint is to be used as an affidavit, the affidavit and the complaint must show the essential facts necessary to establish a prima facie cause of action, and upon failure to do so the warrant of attachment may be vacated (*American Reserve Ins. Co.* v. *China Ins. Co.,* 297 N. Y. 322).

Under section 902 of the Civil Practice Act, the attaching party must have an action for the recovery of a sum of money only. The complaint specifically provides (Pars. Fourth and Eleventh) that the defendants, upon termination of the lease, *was to return the bond deposited as security*. The complaint does not state that the equivalent in cash was to be returned. It is to be noted, although it was not part of the papers before the court granting the attachment, that paragraph Thirty-seventh of the lease provides that the " securities shall be returned to the tenant." It would appear that the plaintiff may either have a cause of action in replevin or for conversion. If in con-

version, the plaintiff has failed to set forth the necessary allegations to sustain such a cause of action. As the complaint is now constituted, it does not come within the purview of section 902 of the Civil Practice Act despite the demand for a money judgment, and the warrant must fall.

The distinction between a " bearer " bond and currency is obvious. The latter is legal tender; the former a promise by the Government to pay in the future.

Accordingly, the motion is granted. Settle order on notice.