Henry A. Hudson, J.
This is an application by the defendant to vacate a warrant of attachment which was issued June 4,1956 by the Honorable William E. McClusky, Justice of the Supreme Court, and filed in the Onondaga County Clerk’s office.
The parties to this action are husband and wife. There was pending before this court at the April, 1956 Equity Term an action between the parties instituted by the defendant against his wife for a separation and after a trial of the issues the court directed that a decree in favor of the husband and against the wife be entered. The decree of separation granted by the court gave custody of the child of the marriage to the mother and required the father to pay weekly for the support of such child.
At the time of the trial of the separation action and for some time prior thereto the plaintiff husband had been engaged in the retail shoe business as a partner with the father of the defendant wife. The relationship continued for some time after the granting of the decree. Subsequent to the granting of the decree the father of the defendant wife employed her to work in the store, as a result of which the relationship between the families of the parties became, if anything, more strained.
Under the terms of the partnership agreement between the defendant husband in this action, and the father of the plaintiff wife in this action provision was made for either partner to offer to purchase the other partner’s interest at a stated sum in which event the other partner in the alternative could buy or sell at that figure. The defendant husband in this action offered to purchase the interest of his partner and his partner, in exercising his privilege, elected to purchase the defendant husband’s interest for the sum of $13,000. At the time of the closing of this transaction, the warrant of attachment was served during the process of the payment over of the sum of $8,000 of the purchase price. It is the contention of the defendant in the instant case that the cause of action set forth in the complaint is one for an accounting and that it is, therefore, not such an action in which a warrant of attachment may properly be issued, in that it is not an action for the recovery of a sum of money only.
The complaint alleges that the plaintiff and defendant at the time of the formation of the copartnership between the defend *376 ant husband and the father of the plaintiff wife entered into an agreement between themselves to the effect that the plaintiff wife would turn over to the defendant husband the sum of $3,900 for use as capital in the business of the copartnership and that the defendant husband agreed to share pro rata with the plaintiff wife the proceeds of the business as long as the plaintiff wife’s funds remained invested therein as well as to repay the plaintiff wife the sum of $3,900 with interest on demand. The complaint further alleges:
“7. That plaintiff has no adequate remedy at law” and demands relief that the plaintiff have an accounting from the defendant upon which accounting the plaintiff should have judgment for the amount found to be due.
Upon the argument for the vacating of the warrant of attachment it was conceded by the plaintiff, who was present in court, and by her counsel, that the sum of $3,900 alleged to be due her in the complaint represented moneys which had been deposited by the plaintiff from sums turned over to her by the defendant during their marriage; that such moneys were on deposit in a joint account in the names of both the plaintiff and defendant as joint tenants and that the same represented, at least in'part, earnings of the defendant. It is clear from this admission that the allegations of the plaintiff’s complaint as to the amount due her were incorrect as on the face thereof the moneys so used from such joint account totaled in all the sum of $3,900. and in the hands of the parties would constitute at least joint funds.
There is no allegation in the complaint nor was there any claim made upon the argument of the motion that the sum of $3,900 had been given by the defendant husband to the plaintiff wife and constituted a gift to her. The additional moneys claimed to be due the plaintiff under her complaint over and above the sum of $3,900 represent alleged profits from the operation of the business. Such a cause of action must be based upon the theory that a partnership or joint venture existed as between the plaintiff and defendant and the determination of any profits due between them would necessitate an accounting such as is sought in the action. Such an action is an equitable action.
The law is well settled that in an action to recover unliquidated damages it is necessary that the moving papers must establish facts from which the court can determine prima facie that damages to the amount claimed have been sustained. (2 Bender’s New York Practice, pp. 583-584; Zenith Bathing Pavilion v. Fair Oaks S. S. Corp., 240 N. Y. 307-312; Chazy *377 Marble Lime Co. v. Deely, 88 App. Div. 150; Sicklick v. Schasseur, 221 App. Div. 742; Barbrick v. Carrero, 184 App. Div. 160; Ingalls Stone Co. v. Nunn, 136 App. Div. 142.) The plaintiff has clearly failed to satisfy this requirement. The action being in equity and not being an action for the recovery of a sum of money only, does not, in my opinion, come within the requirements of section 902 of the Civil Practice Act. (Olsen v. United States Fidelity & Guar. Co., 230 N. Y. 31; Thorington v. Merrick, 101 N. Y. 5; Montenegro v. Roxas, 141 N. Y. S. 2d 681.)
The defendant further urges that the warrant of attachment should be vacated for the reason that there is no proof in the moving papers to support the grounds relied upon in obtaining the warrant of attachment, namely, subdivisions 3 and 6 of section 903 of the Civil Practice Act. Subdivision 3 of section 903 reads as follows: “ 3. If a natural person or domestic corporation, has removed or is about to remove property from the state with intent to defraud his or its creditors, or has assigned, disposed of or secreted, or is about to assign, dispose of or secrete property with the like intent ”. The only basis for the plaintiff’s claim that the defendant has committed the acts set forth in subdivision 3 of section 903 so as to entitle plaintiff to the warrant of attachment is an alleged statement made by the defendant to the plaintiff’s father and in the presence of plaintiff, “ that before the plaintiff would get any money from him, he would move to South America.” This statement was alleged to have been made at a time when the defendant had offered in writing to purchase the interest of the plaintiff wife’s father in the partnership retail shoe business for the sum of $13,000. It was made at a time of great family controversy and stress. It did not indicate that the defendant either had removed or was about to remove property from the State or that he had assigned, disposed of, secreted or was about to assign, dispose of or secrete his property. It was at best a statement of what the defendant would do if the present action against him was resolved in favor of his wife. The defendant in his answering affidavit denies- the making of such a statement or of any intent upon his part to leave the country. I am of the opinion that subdivision 3 of section 903 contemplates some action more concrete than the mere statement above referred to and described in the plaintiff’s affidavit as a ground for the issuing of a warrant of attachment. The other ground relied upon by the plaintiff for the issuance of the warrant was that of fraud. In the complaint there is no allegation of fraud and no cause of action based on fraud. The cause of action set forth in the complaint is one for breach of *378 contract. The allegations of fraud in the supporting affidavit are entirely conclusory. No facts aré set forth which would establish any fraudulent action upon the part of the defendant. I also feel that the plaintiff has failed to establish any fraud upon the part of the defendant such as is contemplated by the provisions of subdivision 6 of section 903 which reads as follows : “6. In an action upon contract, express or implied, has been guilty of a fraud in contracting or incurring the liability ’ ’.
The law has long been established that due to the harshness of the remedy of attachment, the law must be strictly construed in favor of those against whom it may be employed. (Penoyar v. Kelsey, 150 N. Y. 77; Courtney v. Eighth Ward Bank, 154 N. Y. 688; Kelderhouse v. McGarry, 82 Misc. 365; 37-01 31st St. Realty Corp. v. Young, 200 Misc. 501.)
Defendant’s motion to vacate the warrant of attachment is granted, with $10 costs. Order may be submitted in accordance with this decision.