ALBANY,
Jan. 1832.

Gregory
v.
McDowel.

## GREGORY *vs.* McDOWEL.

In ascertaining the *measure of damages* for the non-performance of a contract to deliver an article of merchandise at a fixed place, and on a specified day, the true rule is the difference between the *contract price* and the *market value* of the articles on that day and *at the place* of delivery.

Evidence of the value of the articles at other places in the vicinity of the place of delivery is inadmissible, where the evidence is clear and explicit as to the value at the place of delivery; when that is not the case, evidence at other places may be resorted to to ascertain the value at the place of delivery.

THIS was an action of assumpsit, tried at the Seneca circuit in June, 1830, before the Hon, DANIEL MOSELEY, one of the circuit judges.

The action was for the breach of a contract, in not delivering 100,000 shingles at a landing place on the Seneca Lake, called Bailey-town, on the 1st June, 1828, for which the plaintiff had engaged to pay $125, or $1,25 per thousand. The plaintiff proved the value of shingles of the quality specified, at the place of delivery on the 1st June, to have been from $1,87 to $2 per 1000, and rested. The defendant offered to prove the value of shingles on the 1st June at Geneva, a place 16 miles distant from Bailey-town, to which evidence the plaintiff objected, but the judge over-ruled the objection and decided that it was proper to inquire and ascertain the value of shingles at any other place, and then from an average of prices to fix the value, adding or deducting the price of transportation according to the circumstances; and testimony was accordingly given, shewing the value of the article at various places in the vicinity of Bailey-town; after which, the judge charged the jury, that in making up their verdict they might take the average price between the different places, after adding or deducting transportation; that according to this rule, the fair average worth of shingles was about $1,62 ½ per 1000 ; that he had made an estimate of damages according to such rule, which amounted to $37,50, as the difference between the sum agreed to be paid and the average worth of the article on the day specified in the contract for the delivery thereof; the

ALBANY, jury found a verdict for the plaintiff for $37,50, and the *plain-*
Jan. 1832. *tiff* moved to set aside the verdict, and for a new trial.

Gregory
v.
McDowel. *D. Cady,* for plaintiff.

*E. Livingston,* for defendant.

*By the Court,* SUTHERLAND, J.   The true rule of damages in this case, was the difference between the contract price of the shingles as fixed by the parties on the day and at the place of delivery, and their market value at the same time and place. The shingles were to have been delivered by the defendant at Bailey-town, on the Seneca lake, on the first day of June, 1828. Several witnesses on the part of the plaintiff testified that shingles of the quality mentioned in this contract were worth at Bailey-town, on or about the 1st of June, 1828, from 15 to 16 shillings; and this evidence as to their value at that place was uncontradicted. But the defendant was permitted to show the price of shingles at Geneva and various other places not very remote from Bailey-town, and the judge decided that the average price at those various places was to be taken as the true value and to determine the measure of damages, and made a computation himself upon those principles, and declared to the jury that it was $1,\frac{62}{100}$, and they found accordingly. Now it might not have been improper to receive evidence of the value of shingles at other places in the neighborhood of the place of delivery; but it was admissible only for the purpose of showing what the true value was at that place. But where the evidence is clear and explicit as to the value of the article at that place of delivery, such value must control, no matter what the value is at other places. Such was the fact in this case. The judge erred, therefore, and a new trial must be granted, 7 Cowen, 691, the costs to abide the event.