SALLIE G. THORINGTON et al., Appellants, *v.* J. VAUGHN MERRICK et al., Respondents.

In an action to compel a trustee to account and pay over the sum found due, and to convey to plaintiffs the trust estate, an attachment will not lie. (Code of Civ. Pro., § 635.)

The affidavit upon which an attachment was issued in such an action stated that " the amount of plaintiff's claim in said action is, to-wit : $10,000, or other larger sum with interest  *  *  *  over and above all discounts and set-offs," and as grounds of the claim, alleged in substance that a claim for $9,000, secured by mortgage, was put into defendants' hands for collection, they agreeing to account for and turn over the proceeds ; that they collected and discharged the claim, receiving on such settlement certain real estate " of great value," the title to which they took in their own names, a portion of which they collusively and without the knowledge of the owners of the claim disposed of, and the balance they hold ; but refuse to convey or to account for moneys received. *Held,* that the affidavit was insufficient, under the Code of Civil Procedure (§ 636), to warrant the attachment, as it did not state that a specific sum was due over and above all counter-claims, or that plaintiffs were entitled to recover any sum ; and that the facts stated fail to show that plaintiffs are entitled to recover the sum named.

The order appealed from affirmed a Special Term order vacating the attachment. Neither order stated the ground for the decision. *Held,* that it was discretionary with the court below to determine, from the facts stated whether a case for an attachment was made, and its decision was not reviewable here.

(Submitted November 24, 1885 ; decided December 8, 1885.)

APPEAL from order of the General Term of the Supreme Court, in the second judicial department, made February 15, 1885, which affirmed an order of Special Term vacating and setting aside a warrant of attachment issued herein.

The affidavit upon which the attachment was issued alleged " that a cause of action exists in favor of said plaintiffs against said defendants, for which said action is commenced, or is about to be, and the amount of plaintiffs' claim in said action is, to-wit: $10,000 with interest from the 1st day of January, 1883, over and above all discounts and set-offs, and that the ground of said claim and cause of action is as follows :" The grounds

stated were, in substance, that deponent, as trustee for the plaintiffs, held a certain mortgage claim which he placed in the hands of defendants for collection, in pursuance of an agreement, in writing, by which defendants agreed to collect the same, and to duly account and turn over the proceeds to the deponent as trustee, or to the *cestui que trusts;* that defendants collected and discharged the claim, but have not accounted as agreed; that, in the settlement of said claim, defendants took certain real estate of great value, which they caused to be conveyed to themselves; that a portion of said real estate they collusively resold and reconveyed to the mortgagor without the authority or consent of deponent or the *cestui que trusts;* that the balance of the real estate they still hold and refuse to convey to those entitled thereto, and that defendants are non-residents but have property in this State.

*J. S. Winter* for appellants. Where the affidavit for an attachment sets forth enough to call on the officer for the exercise of his judgment, it gives jurisdiction. (*Conklin* v. *Dutcher*, 5 How. 386; 1 Code R. [N. S.] 49; *Skinner* v. *Kelly*, 18 N. Y. 355.) On motion to set aside the attachment for irregularity, it will be held sufficient. (*Talcot* v. *Rosenburg*, 3 Daly, 203; *Niles* v. *Vanderges*, 14 How. 547; *Van Loon* v. *Lyons*, 61 N. Y. 24; *Schoonmaker* v. *Spencer*, 54 id. 366; *Furman* v. *Walter*, 13 How. 348.) It seems sufficient to confer jurisdiction when the affidavit makes out a clear *prima facie* case. (*Mott* v. *Lawrence*, 17 How. 559; 1 Code R. [N. S.] 104; 3 Sandf. 703; *Woodhouse* v. *Todd*, 10 Weekly Dig. 59; 9 Rep. 621.) The affidavit should contain a statement of the facts out of which the claim arose, and they should appear to warrant the claim or conclusion deduced from them. (*Manton* v. *Poole*, 67 Barb. 330; *S. C.*, 4 Hun, 638; *Easton* v. *Molavasa*, 7 Daly, 147; *Allen* v. *Meyer*, id. 229.) An averment that the amount of plaintiff's claim in the action is a sum stated over and above all discounts and set-offs, is the equivalent of the statement that said claim is the sum stated "over and above all counter-claims known to plaintiffs." (*Lamkin* v. *Douglass*, 27 Hun, 517; *Alford* v.

*Cobb*, 28 id. 22 ; *Trow P. Co.* v. *Hart*, 60 How. 190 ; *Rupert* v. *Haug*, 1 Civ. Pro. 417 ; 87 N. Y. 141.) In order to justify the issuing of an attachment under the Code, it is not necessary that the plaintiff should have a cause of action for the payment of the money merely. It is enough that a cause of action exists against the defendant, and that the amount of the claim, and the grounds thereof are stated. ( *Ward* v. *Bagg*, 18 Barb. 139 ; *Eaton* v. *Molavasa*, 7 Daly, 147 ; *Allen* v. *Meyer*, id. 229.) It is no objection that the action is *ex contractu* even though it is in whole or in part for unliquidated damages, if the claim is for money, and the debt of an actual character, actually due and not dependent on any contingency. (Drake on Attach. [5th ed.] 13–25, §§ 13–23 ; *Lennox* v. *Howland*, 3 Cai. 323 ; *In re Francisco Marty*, 3 Barb. 229 ; *Lawton* v. *Riel*, 51 id. 30 ; *Ward* v. *Bogg*, 18 id. 139 ; *Hagood* v. *Jordans*, 12 Ala. 180.) Where the defendant's non-feasance or default is of a duty created by contract, the action should be in *assumpsit.* (1 Chitty's Pl. 153.) The affidavit is unquestionably sufficient, if, after setting forth the dealings between the parties and the nature of the indebtedness, it alleges that the defendant by means of the premises is indebted to the plaintiff in a sum stated, and that the defendant is not a resident of the State. (Drake on Attach. 34, § 34 ; *Humphreys* v. *Matthews*, 11 Ill. 471 ; *Burger* v. *Griffin*, 2 La. Ann. 154.) *Assumpsit* is sustainable where there has been an express contract or where the law implies a contract. (1 Chitty's Pl. 112.) Where there is an express promise and a legal obligation results from it, then the plaintiff's cause is accurately described in *assumpsit.* (1 Chitty's Pl. 152.)

*Douglass & Minton* for respondents. The action is not " one to recover a sum of money only." (Code, § 635.) Attachment will not lie in actions of this nature. (*Ackroyd* v. *Ackroyd*, 20 How. Pr. 93 ; *Guilhon* v. *Linds*, 9 Bosw. 601 ; *Ketchum* v. *Ketchum*, 1 Abb. Pr. [N. S.] 157 ; Kneeland on Attach., § 111.) It is necessary that facts sufficient to constitute a cause of action should be stated. (*Reilly* v. *Sisson*,

31 Hun, 572.) "It is essential that the affidavit should show that the plaintiffs are entitled to recover a specific sum. A general averment of damage is not sufficient. (*Golden G. C. Co.* v. *Jackson*, 13 Abb. N. C. 476; *Walts* v. *Nichols*, 32 Hun, 276.) The action, if not in equity, is one brought to recover "damages for a breach of contract." The affidavit, then, should have shown "that the plaintiffs are entitled to recover a sum stated therein, over and above all counter-claims known to them." (Code, § 636; *Lyon* v. *Blakely*, 19 Hun, 299; *Donnell* v. *Williams*, 21 id. 216; *Dickey* v. *Coe*, 13 Weekly Dig. 318; *Rupert* v. *Haug*, 87 N. Y. 141; *Murray* v. *Hankin*, 30 Hun, 37; *Gray* v. *Giles*, 2 Law Bull. 12.)

*Per Curiam.* The action here is in equity, and from the facts set forth in the affidavit the plaintiffs are only entitled to a judgment that the defendants hold the pine lands, therein mentioned, in trust for the plaintiffs, and that they convey the same to the plaintiffs, and that an accounting of their transactions be taken as trustees for the plaintiffs, and that they pay over the sum found due to them upon such accounting.

It is manifest that in such a case an attachment will not lie, within the provisions of section 635 of the Code of Civil Procedure. We are also of the opinion that the affidavit was insufficient, inasmuch as it did not state that a specific sum was due, over and above all counter-claims known to the plaintiffs, in accordance with the provisions of section 636 of the Code of Civil Procedure. It was upon this ground, as appears from the opinion, that the General Term affirmed the order vacating the attachment. The affidavit, on its face, does not show that the plaintiffs are entitled to more than nominal damages. It places no value upon the real estate mentioned therein, and for which the plaintiffs are called upon to account, but it simply alleges that it was of great value. It sets forth " that the amount of plaintiffs' claim in said action is, to-wit : $10,-000, or other larger sum, with interest from the 1st day of January, 1883, over and above all discounts and set-offs." The value of the property is the basis upon which the amount

of the attachment is fixed, and this is, as we have seen, not specifically stated. The facts stated do not show that the plaintiffs are entitled to recover the sum named, or any sum whatever, and it is not alleged in the affidavit that they are entitled to recover any sum. It may also be observed that it was discretionary with the courts below, in view of the facts stated in the affidavit, to determine whether a case was made out for an attachment, and as the order of the Special Term and the order appealed from do not state the ground upon which the attachment was vacated, the decision may be upheld upon this ground.

The appeal should be dismissed.

All concur.

Appeal dismissed.