### HART v. BERNAU.

(Supreme Court, General Term, First Department.  February 17, 1893.)

1. ATTACHMENT—AFFIDAVIT—NEGATIVING COUNTERCLAIM.

An affidavit for attachment which alleges "that, giving to defendant all proper credits, the said sum of $8,500 is justly due and owing, and has not been paid," is not sufficient to negative the existence of a counterclaim in defendant's favor, as required by Code Civil Proc. § 636, since a counterclaim may arise, not only out of the contract set up by plaintiff, but also out of another or independent contract.

2. SAME.

An affidavit by plaintiff's attorney, negativing the existence of the counterclaim, which does not assert that he has any knowledge of plaintiff's claim except as it is derived from plaintiff's affidavit, does not strengthen plaintiff's grounds for attachment.

Appeal from special term, New York county.

Action by William O. Hart against Augustus Bernau for balance due on an open account. From an order vacating a warrant of attachment, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and FOLLETT, JJ.

W. T. Houston, for appellant.

Henry P. Butler, (A. Edward Woodruff, of counsel,) for respondent.

PER CURIAM. This action was brought to recover the balance due on an open account. The parties reside in the state of Louisiana. The attachment was granted on the summons and affidavit verified by the plaintiff October 10, 1892, an affidavit verified by his attorney October 14, 1892, and the usual undertaking. The complaint was verified by the attorney October 31, 1892, some days subsequent to the date of the warrant of attachment. The motion to vacate the warrant was made on the papers on which it was granted. The first subdivision of section 636 of the Code of Civil Procedure provides:

"To entitle plaintiff to such a warrant, [of attachment,] he must show by affidavit to the satisfaction of the judge granting the same, as follows: * * * If the action is to recover damages for breach of a contract, the affidavit must show that the plaintiff is entitled to recover a sum, stated therein, over and above all counterclaims known to him."

A cause of action in favor of a defendant arising out of (1) the contract or transaction set forth in the complaint, or (2) out of another or independent contract, is a counterclaim, within the meaning of the Code of Civil Procedure. Section 501. The affidavit of the plaintiff contains the following statement:

"That, giving to him [defendant] all proper credits, the said sum of $8,523.87 is justly due and owing, and has not been paid, notwithstanding amicable demand."

Even if this statement negatives the existence of a counterclaim of the first sort, arising out of the contract or transaction on which the suit is brought, it is wholly insufficient to show the nonexistence of the second sort of counterclaim, arising out of other or independent contracts.

The affidavit of the attorney states:

"Second. That on information and belief August Bernau, the said defendant, is justly and truly indebted to the plaintiff in the full sum of $8,523.87, with interest at the rate of five per cent. per annum from the 1st day of October, 1892, upon the following facts, to wit: That the said plaintiff lent moneys to the said defendant, and paid out moneys for him and at his request, and rendered him services at his request, at various times within three years, as per schedule hereto annexed, and made part hereof. That there is no counterclaim whatsoever existing in favor of the said defendant and against the plaintiff, known to the plaintiff, or known to the deponent. * * * Sixth. That the grounds of deponent's belief and the sources of his knowledge are the schedule hereto annexed, containing twelve pages, each page bearing the signatures 'W. O. Hart,' and 'M. C. Soniat, Commissioner for New York,' and the affidavit of W. O. Hart, hereto annexed, made at New Orleans, Louisiana, the 10th day of October, 1892, before M. C. Soniat, commissioner of deeds of the state of New York, residing at New Orleans, Louisiana."

The attorney does not assert that he has any knowledge of the claims of the plaintiff, except as it is derived from the affidavit of the plaintiff;

and the attorney's affidavit in no wise strengthens the plaintiff's grounds for an attachment.    That the plaintiff's affidavit is insufficient to sustain the warrant has been many times held, and it is unnecessary to cite more than a single authority.    Thorington v. Merrick, 101 N. Y. 5, 3 N. E. Rep. 794.    The order appealed from should be affirmed, with $10 costs and printing disbursements.