DELAFIELD et al. v. J. K. ARMSBY CO.

(Supreme Court, Appellate Division, First Department. March 8, 1901.)

ATTACHMENT—PLEADINGS—SUFFICIENCY—VACATION—MOTION—GROUNDS.

Where the verified complaint and affidavit for attachment in an action for breach of contract against a foreign corporation alleged that the contract was to deliver a certain number of cases of salmon at a certain price per dozen cans; that the goods were resold by plaintiff

at a gross sum, which was a certain sum more than the contract price, it was error to vacate the attachment, on motion, based on the papers, on the ground that it was not shown that plaintiffs were entitled to recover such sum, since, as there was an allegation of the amount of the damage sustained by the breach of contract for which plaintiffs asked judgment, the question whether plaintiff could recover the amount alleged as damages was one to be disposed of on the trial, and not on the motion.

Van Brunt and O'Brien, JJ., dissenting.

Appeal from special term, New York county.

Attachment by Richard Delafield and others against the J. K. Armsby Company. From an order vacating the attachment on the papers on which it was granted, plaintiffs appeal. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Arnold L. Davis and Wm. B. Ellison, for appellants.
Messmore Kendall, for respondent.

INGRAHAM, J. A warrant of attachment was granted in this action against the defendant, a foreign corporation, upon the verified complaint and an affidavit of one of the plaintiffs. A motion to vacate the warrant was made upon the ground (1) that "no sufficient cause of action for which an attachment can issue is shown to exist by the papers whereon said warrant was granted; and (2) that the papers upon which the warrant was granted do not show that the plaintiffs are entitled to recover the sum stated therein, over and above all counterclaims known to them." It appeared that the cause of action sued on was to recover for the breach of a contract whereby the defendant sold and agreed to deliver to the plaintiffs 28,000 cases of salmon, of the pack of 1900, at $1.07½ per dozen cans, f. o. b. San Francisco, Cal.; that, at the time the contract for the sale of this salmon was executed, the defendant knew that the plaintiffs were purchasing the said salmon for the purpose of resale by them as such wholesale dealers in salmon, and that the plaintiffs intended to sell the said salmon for future delivery, relying upon the said contract of the said defendant to deliver the said salmon to the said plaintiffs; that "thereafter, but before September 7, 1900, the said plaintiffs sold, for future delivery, the entire twenty-eight thousand cases of salmon for the total sum of $142,590"; that thereafter the defendant refused to deliver to the plaintiffs any of the salmon referred to, and wholly refused and still refuses to fulfill its said contract; that the plaintiffs, before the commencement of the action, offered to accept the salmon and to pay for the same, and performed all of the conditions of the contract on their part to be performed, and that, by reason of the refusal of the defendant to deliver the salmon as it had contracted to do, the plaintiffs have suffered damage to the extent of $9,060.20,—that being the difference between the cost to the plaintiffs of the said salmon so purchased by them from the defendant, and the price for which the plaintiffs sold the said salmon as aforesaid. And the affidavit further contains the allegation that no part of this sum of $9,060.20 has been paid by the defendant, and that the plaintiffs are entitled

to recover the same, over and above all counterclaims known to the plaintiffs. The court below vacated the attachment upon the ground that the statement of the contract of sale is insufficient, in that it fails to disclose, except by a process of arithmetical calculation, what the contract price was, and that this "is, in my opinion, an insufficient statement of the facts showing that plaintiffs are entitled to recover the sum of $9,060.20," and that there was an erroneous theory of the measure of damages.

I do not think that the question of the plaintiffs' cause of action should be disposed of upon this motion. A contract is alleged, and a breach, and that the plaintiffs sustained damage, of a sum named; and the basis upon which this specific sum is estimated is alleged to be the difference between the contract price and the price at which the goods had been actually sold for future delivery by the plaintiff. The question as to whether the plaintiffs can recover such damage is one that I think should be disposed of upon the trial, and not upon this motion. A good cause of action is alleged. The affidavit upon which the attachment is granted expressly alleges that the contract was to deliver to the plaintiffs 28,000 cases of salmon, at $1.07$\frac{1}{2}$ per dozen cans, and that the goods that the defendant had contracted to sell were resold by the plaintiffs at a gross sum which was $9,060.20 more than the contract price at which the defendant agreed to deliver the salmon to the plaintiffs. It seems to me that this is a sufficient allegation of the amount of the damage sustained by the breach of the contract for which plaintiffs ask for judgment to sustain the attachment. We are not now trying the case, and it is upon the trial that the correct measure of damage to be applied to a breach of this contract is to be determined. It seems to me sufficient that the plaintiffs allege a good cause of action to recover for a breach of a contract, and allege that the damages sustained thereby are the amount claimed. The specific objection taken by the order to show cause is that no sufficient cause of action in which an attachment can issue is shown to exist by the papers upon which the attachment was granted. These papers did certainly show a cause of action, to recover the damages sustained in consequence of a breach of the contract.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion to vacate the attachment denied, with $10 costs.

PATTERSON and McLAUGHLIN, JJ., concur.

VAN BRUNT, P. J. (dissenting). I dissent from the conclusion arrived at in the prevailing opinion. It has always, up to this time, been the rule of the court, in actions where the damages are unliquidated, to require, before the granting of an attachment, that evidence shall be placed before it which shall show with reasonable certainty that the damages claimed to have been suffered will be recovered in the action. This rule, however, seems to be ignored in the prevailing opinion, and an attachment is allowed for a large sum of money where there is no evidence before the court that the plaintiffs have suffered anything but nominal damage. They seek to recover the difference between the price which they agreed to pay for merchandise to be delivered in

the future, and the price at which they sold it, also for future delivery; and the only allegations as to damage contained in the complaint or affidavit upon which the attachment was issued have reference to this difference. It has long been settled in this state, and in every other state, that no such rule of damage prevails. It has been held that the rule of damages in an action of this kind is as follows: The measure of damages, where a vendor refuses to deliver an article of merchandise which he has agreed to sell, is the difference between the contract price and the value of the article at the time when it should have been delivered. Gregory v. McDowel, 8 Wend. 435; Dey v. Dox, 9 Wend. 129; Davis v. Shields, 24 Wend. 322; Beals v. Terry, 2 Sandf. 127; Clark v. Pinney, 7 Cow. 681; Masterton v. Mayor of Brooklyn, 7 Hill, 61; McKnight v. Dunlop, 5 N. Y. 545; Dana v. Fiedler, 12 N. Y. 40; Parsons v. Sutton, 66 N. Y. 92; Griffin v. Colver, 16 N. Y. 490; Josling v. Irvine, 6 Hurl. & N. 512; and numerous other cases. There are no allegations whatever contained in the affidavits and complaint in this case which in any degree show that any damage has been suffered by the plaintiffs, in view of the rule above laid down. There is no allegation that the plaintiffs could not have purchased this salmon in the market for the purposes of delivery, or that the salmon did not have a well-established price at the place of delivery. In the case of Thorington v. Merrick, 101 N. Y. 5, 3 N. E. 794, it was expressly held that the court was required to vacate an attachment because the facts stated in the affidavit failed to show that the plaintiffs were entitled to recover the sum named. It might, however, be observed that the complaint and affidavit are defective, in that they nowhere contain any statement as to when this salmon was to be delivered under the contract between the plaintiffs and the defendant. It seems to me that it is establishing a most dangerous rule to issue attachments in actions for unliquidated damages, where there is no legal evidence whatever that a single cent of damage has been suffered. O'BRIEN, J., concurs.