RICHARD DELAFIELD and Others, Appellants, v. THE J. K. ARMSBY
COMPANY, Respondent.

*Attachment — what allegation in the moving papers as to damages is sufficient.*

An affidavit used on a motion for a warrant of attachment alleged that the defendant, a foreign corporation, sold and agreed to deliver to the plaintiffs 28,000 cases of salmon at $1.07½ per dozen cans; that the plaintiffs sold for future delivery the entire 28,000 cases for the total sum of $142,590, but that the defendant, although knowing that the plaintiff purchased with intent to sell for future delivery, refused to deliver to the plaintiffs any of such goods, in consequence of which the plaintiff suffered damage to the extent of $9,060.20, that being the difference between the price at which the plaintiffs had purchased the salmon from the defendant and the price for which the plaintiffs had resold the salmon.

*Held,* that the allegation of the amount of the damages sustained by the plaintiffs was sufficient to sustain the attachment, and that the court would not consider on the motion whether the plaintiffs were proceeding upon an erroneous theory as to the measure of damages recoverable by them.

VAN BRUNT, P. J., and O'BRIEN, J., dissented.

APPEAL by the plaintiffs, Richard Delafield and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 24th day of January, 1901, vacating a warrant of attachment upon the papers on which the same was granted.

*Arnold L. Davis* and *William B. Ellison,* for the appellants.

*Messmore Kendall,* for the respondent.

INGRAHAM, J.:

A warrant of attachment was granted in this action against the defendant, a foreign corporation, upon the verified complaint and an affidavit of one of the plaintiffs. A motion to vacate the warrant was made upon the ground (*first*) that "no sufficient cause of action for which an attachment can issue is shown to exist by the papers whereon said warrant was granted; (*second*) that the papers upon which the warrant was granted do not show that the plaintiffs are entitled to recover the sum stated therein, over and above all counterclaims known to them." It appeared that the cause of action sued on was to recover for the breach of a contract whereby the defendant sold and agreed to deliver to the plaintiffs 28,000

cases of salmon of the pack of 1900 at one dollar seven and one-half cents per dozen cans, free on board, San Francisco, Cal.; that at the time the contract for the sale of this salmon was executed the defendant knew that the plaintiffs were purchasing the said salmon for the purpose of resale by them as such wholesale dealers in salmon, and that the plaintiffs intended to sell the said salmon for future delivery, relying upon the said contract of the said defendant to deliver the said salmon to the said plaintiffs; that "thereafter, but before September 7, 1900, the said plaintiffs sold, for future delivery, the entire twenty-eight thousand cases of salmon for the total sum of $142,590;" that thereafter the defendant refused to deliver to the plaintiffs any of the salmon referred to, and wholly refused and still refuses to fulfill its said contract; that the plaintiffs before the commencement of the action offered to accept the salmon and to pay for the same, performed all of the conditions of the contract on their part to be performed, and that by reason of the refusal of the defendant to deliver the salmon as it had contracted to do, the plaintiffs have suffered damage to the extent of $9,060.20, that being the difference between the cost to the plaintiffs of the said salmon so purchased by them from the defendant and the price for which the plaintiffs sold the said salmon as aforesaid; and the affidavit further contains the allegation that no part of this sum of $9,060.20 has been paid by the defendant, and that the plaintiffs were entitled to recover the same, over and above all counterclaims known to the plaintiffs. The court below vacated the attachment upon the ground that the statement of the contract of sale is insufficient in that it fails to disclose, except by a process of arithmetical calculation, what the contract price was, and that this "is, in my opinion, an insufficient statement of the facts showing that plaintiffs are entitled to recover the sum of $9,060.20," and that there was an erroneous theory of the measure of damages.

I do not think that the question of the plaintiffs' cause of action should be disposed of upon this motion. A contract is alleged, a breach, and that the plaintiffs sustained damage of a sum named, and the basis upon which this specific sum is estimated is alleged to be the difference between the contract price and the price at which the goods had been actually sold for future delivery by the plaintiffs. The question as to whether the plaintiffs can recover such damage is

one that I think should be disposed of upon the trial and not upon this motion. A good cause of action is alleged. The affidavit upon which the attachment is granted expressly alleges that the contract was to deliver to the plaintiffs 28,000 cases of salmon at $1.07½ per dozen cans, and that the goods that the defendant had contracted to sell were resold by the plaintiffs at a gross sum which was $9,060.20 more than the contract price at which the defendant agreed to deliver the salmon to the plaintiffs. It seems to me that this is a sufficient allegation of the amount of the damage sustained by the breach of the contract for which plaintiffs ask for judgment to sustain the attachment. We are not now trying the case, and it is upon the trial that the correct measure of damage to be applied to a breach of this contract is to be determined. It seems to me sufficient that the plaintiffs allege a good cause of action to recover for a breach of a contract, and allege that the damages sustained thereby are the amount claimed. The specific objection taken by the order to show cause is that no sufficient cause of action in which an attachment can issue is shown to exist by the papers upon which the attachment was granted. These papers did certainly show a cause of action to recover the damages sustained in consequence of a breach of the contract.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion to vacate the attachment denied, with ten dollars costs.

PATTERSON and McLAUGHLIN, JJ., concurred; VAN BRUNT, P. J., and O'BRIEN, J., dissented.

VAN BRUNT, P. J. (dissenting):

I dissent from the conclusion arrived at in the prevailing opinion. It has always, up to this time, been the rule of the court in actions where the damages are unliquidated to require, before the granting of an attachment, that evidence shall be placed before it which shall show with reasonable certainty that the damages claimed to have been suffered will be recovered in the action. This rule, however, seems to be ignored in the prevailing opinion, and an attachment is allowed for a large sum of money where there is no evidence before the court that the plaintiffs have suffered anything but nominal damage. They seek to recover the difference between the price

which they agreed to pay for merchandise to be delivered in the future and the price at which they sold it, also for future delivery; and the only allegations as to damage contained in the complaint or affidavit upon which the attachment was issued have reference to this difference. It has long been settled in this State and in every other State that no such rule of damage prevails. It has been held that the rule of damages in an action of this kind is as follows: The measure of damages, where a vendor refuses to deliver an article of merchandise which he has agreed to sell, is the difference between the contract price and the value of the article at the time when it should have been delivered. (*Gregory* v. *McDowel*, 8 Wend. 435; *Dey* v. *Dox*, 9 id. 129; *Davis* v. *Shields*, 24 id. 322; *Beals* v. *Terry*, 2 Sandf. 127; *Clark* v. *Pinney*, 7 Cow. 681; *Masterton* v. *Mayor*, 7 Hill, 61; *McKnight* v. *Dunlop*, 5 N. Y. 545; *Dana* v. *Fiedler*, 12 id. 40; *Parsons* v. *Sutton*, 66 id. 92; *Griffin* v. *Colver*, 16 id. 490; *Josling* v. *Irvine*, 6 Hurl. & N. 512, and numerous other cases.)

There are no allegations whatever contained in the affidavits and complaint in this case which in any degree show that any damage has been suffered by the plaintiffs in view of the rule above laid down. There is no allegation that the plaintiffs could not have purchased this salmon in the market for the purposes of delivery, or that the salmon did not have a well-established price at the place of delivery. In the case of *Thorington* v. *Merrick* (101 N. Y. 5) it was expressly held that the court was required to vacate an attachment because the facts stated in the affidavit failed to show that the plaintiffs were entitled to recover the sum named.

It might, however, be observed that the complaint and affidavit are defective in that they nowhere contain any statement as to when this salmon was to be delivered under the contract between the plaintiffs and the defendant.

It seems to me that it is establishing a most dangerous rule to issue attachments in actions for unliquidated damages where there is no legal evidence whatever that a single cent of damage has been suffered.

O'BRIEN, J., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.