1080 71 NEW YORK SUPPLEMENT (Sup. Ct.
and 105 New York State Reporter

matic financier. The loss upon the other loans complained of I do not think any of the defendants are liable for. The purchase of securities of the Northwestern Guaranty Loan Company was not an unusual one at the time of the transaction.

The statute of limitation applicable is not three years, but ten years, and that plea of the defendants is ineffectual. Brinckerhoff v. Bostwick, 99 N. Y. 185, 1 N. E. 663.

The stock of the plaintiff James Donaldson was not issued to him until December 27, 1893, after all the acts that any one is claimed to be liable for had been done. The same is true of the stock of Vail, which was issued to him December 4, 1893. Neither of them is entitled to the relief asked for, because they were purchasers of their stock after all the damage to it had been done, and it was worthless. With respect to the stock of the others, it was proved that it was worth par, certainly at the beginning of the acts complained of.

The defendant Kenyon was not a member of either the discount or examining committee, and as to him the complaint is dismissed.

The plaintiffs Hanna, Arnott, and Piser each owned 10 shares, and each can recover from the defendants, other than the bank and Kenyon, one-fiftieth of the $22,968.05 lost by the discounts to Long, with costs. Decision and judgment may be prepared accordingly.

Judgment accordingly.

(35 Misc. Rep. 509.)

ROTH et al. v. AMERICAN PIANO MFG. CO.

(Supreme Court, Special Term, St. Lawrence County. July, 1901.)

1. ATTACHMENT—SUM DUE—ALLEGATION—COMPLAINT—STATEMENT.

The rule that, in order to prosecute an attachment, the plaintiffs must allege by affidavit that they are entitled to recover a certain sum over and above all counterclaims known to them, should not be held so strictly as to defeat the remedy. Hence an affidavit stating that a balance was due plaintiffs, over and above all credits, claims, offsets, etc., of $6,086.29, and on a second cause of action for the making and furnishing of stencils and music rolls to the value of $2,220, which the defendant is alleged to have agreed to pay, and a cause of action for piano actions sold and delivered by plaintiffs to defendant at the agreed price of $559.60, was not objectionable on the ground that it did not show that plaintiffs were entitled to recover a sum certain.

2. SAME.

An attachment affidavit alleging as a separate cause of action that the defendant had broken an agreement to take during the first year of contract relations between the parties 600 harmonists at $110 each, and, taking only 260, caused a loss of profit of about $1,000, and had refused to surrender instruments, orders, plates, lithographs, accounts, and contract rights to the value of $9,500, notwithstanding plaintiffs had a right to and had canceled the contract for the defendant's noncompliance with it, did not show that the plaintiffs were entitled to recover any certain sum upon that cause of action, and hence such affidavit was insufficient to support an attachment.

3. SAME—JOINDER OF CAUSES OF ACTION.

Plaintiffs in attachment may properly unite in one action all their claims against the defendant under one contract and also those under any other subordinate or incidental contract.

Action by Alfred P. Roth and others against the American Piano Manufacturing Company, in which an attachment was issued. Motion to vacate attachment. Motion denied.

A. M. Mills, for plaintiffs.
Elek John Ludvigh, for defendant.

RUSSELL, J. The defendant moves to vacate the attachment commanding the sheriff of any county to satisfy the plaintiffs' demand of $18,365.89, with costs and expenses, upon the ground that the papers upon which the attachment was granted were insufficient. The complaint and affidavit for the attachment base the claim of the plaintiffs upon four causes of action, the first of which declares for goods sold and delivered, and a balance due, over and above all credits, claims, offsets, and counterclaims, of $6,086.29; the second, for making and furnishing stencils and music rolls to the value of $2,220, which the defendant agreed to pay; the third, for breach of an agreement to take during the first year of contract relations 600 harmonists, at $110 each, and only taking 260 during the period, thereby causing a loss of profit of about $1,000, and for refusing to surrender to the plaintiffs instruments, orders, plates, lithographs, accounts, and contract rights to the value of $9,500, notwithstanding the right of cancellation was reserved to the plaintiffs upon noncompliance by defendant with the terms of the contract, which right of cancellation had been exercised; and for a fourth cause of action for piano actions sold and delivered by plaintiffs to defendant at the agreed price of $559.60. The objection made is that neither by any of the causes of action singly nor by the union of all stated together does it appear that a certain sum is due and owing from the defendant to the plaintiffs. As to the first, second, and fourth causes of action, the objection is not tenable. The writ of attachment is a substantial right designed to give to honest claimants, as against nonresidents or fraudulent debtors, security to render a judgment available which might otherwise be lost but for a preliminary levy upon such property as may be found. For any breach of contract except a promise to marry, wrongful conversion of personalty, for negligent, fraudulent, or other wrongful act causing injury to person or property, this remedy is afforded. Code Civ. Proc. § 635. To confine the remedy to claims exact in their amount would nullify the provisions of the Code, and in many cases greatly limit the beneficial character of the writ. In an action for goods sold and delivered upon a just claim, the affiant might be unable to truthfully aver any liquidation or stating of the account, and be compelled to rely upon an averment of value. In an action for wrongful conversion of personal property it would be impossible, as against a defendant refusing to admit any liability, to make the amount of the claim exact or certain, save as estimates of valuation might indicate the approximate amount of damages. A statement of the difference between the price at which salmon were purchased and the price for which plaintiffs resold the same is sufficient to sustain an attachment, although the court was not of the opinion that such was the certain measure of damages;

leaving, therefore, the precise loss unsolved upon the face of the papers. Delafield v. Armsby Co., 58 App. Div. 432, 68 N. Y. Supp. 998. And in this case, in the dissenting opinion of Presiding Justice Van Brunt, it is inferentially stated that, if the correct measure of damages, which was the difference between the price agreed for the purchase and the value of the article when it should have been delivered, which, of course, was a matter of estimate, had been stated in the affidavit, the attachment might have been sustained. The true reason why courts are chary of' seizing property upon a claim not established by judgment upon unliquidated demands is the danger, by the oppressive use of the writ of attachment, of securing sums stated far beyond the amounts which are ascertained afterwards upon the trial to be the limit of the actual indebtedness. But this danger may be avoided by the exercise of wise discretion; and a middle course, which is generally the one of safety, may be followed without impairing the useful power of the writ, and without oppression to the defendant. The court has always the inherent power to prevent its processes being used for improper purposes, and that power can always be exercised when an application to grant, modify, or vacate any of its writs is made by a suitor coming within its jurisdiction. The original writ of attachment is not to be granted as a matter of course, even where apparent grounds to justify its issuance are stated in the papers formally presented to the court. The writ is discretionary, as also the application to modify or vacate. Haebler v. Bernharth, 115 N. Y. 459, 463, 22 N. E. 167. I see no reason, therefore, to prevent the exercise by this court of its power to retain the writ of attachment for an amount reasonably justified by the papers on which it was granted, and to modify its force by a reduction of the plaintiffs' demand to such limits as may fairly be sustained. The statute itself seems to contemplate such a use of discretion, even upon the original application. It provides that the sheriff must attach sufficient to satisfy the amount of the plaintiffs' demand, with costs and expenses. Code Civ. Proc. § 641. That does not mean the amount of the demand in the complaint, but the amount of the demand sufficiently proven to the satisfaction of the judge. Id. § 636. It was a very proper thing for the plaintiffs to unite in one action all their claims against the defendant upon the single contract and any other contract subordinate or incidental to the main agreement, in order to avoid unnecessary litigation; and any determination of the court upon an application for an attachment will not impair their right to recover all they may satisfactorily establish upon the trial. But the defendant must not be burdened in advance with the deprivation of his property upon any portion of the claims, about which there is just cause for doubt as to the right of recovery for an amount which can be approximated with reasonable certainty upon the papers presented for the attachment. Nor should the plaintiffs be punished for confining the litigation to one action instead of beginning several. I do not think the damages, as stated in the papers for the attachment upon the third cause of action, sufficiently ascertainable, with a reasonable certainty, so that I am justified in upholding the attachment as to that cause of action. As to the others I hold

otherwise. The averments unexplained and uncontradicted by the defendant justify the right of recovery for the sums named in the statement of those causes of action.

The cases cited by counsel for the defendant do not militate against this view. In Thorington v. Merrick, 101 N. Y. 5, 3 N. E. 794, the court of appeals simply holds that the action was an equitable one, and that the papers show that the plaintiffs were only entitled to a judgment decreeing that certain pine lands were held in trust for the plaintiffs, and for an accounting. In Mining Co. v. Raht, 9 Hun, 208, the general term of the First department decided that, if the plaintiff chose to insert a cause of action which would not allow an attachment with another which did, such election on his part prevented the issuance of a writ. It is plain that in such a case the recovery might be for a cause of action upon which no attachment could have been issued, and yet the execution would find the property unjustly held, so that the practical result would be the satisfaction of that judgment through the process of attachment upon a claim for which an attachment would not lie. Here no such result can follow. If the plaintiffs had stated with sufficient precision to demonstrate to a reasonable certainty the approximate amount of their damages under the third cause of action, an attachment would lie, and, as all of their claims are drawn from the relations of the parties under one contract, no substantial injustice can be worked by its enforcement for causes of action stated on that contract in case the plaintiffs ultimately recover at all. The motion, therefore, is denied, but the amount of the plaintiffs' demand is limited to the sums stated in the first, second, and fourth causes of action, and the attachment is modified accordingly.

Ordered accordingly.