FAWICK CORPORATION, Plaintiff,

v.

The ALFA EXPORT CORPORATION, David Hicks, Joseph P. McCarthy and Joseph R. Nelson, Defendants.

United States District Court
S. D. New York.
Sept. 2, 1955.

Chadbourne, Parke, Whiteside, Wolff & Brophy, New York City, for plaintiff.

Graubard & Moskovitz, New York City, for defendants.

LUMBARD, Circuit Judge.

Plaintiff Fawick Corporation commenced this action on September 2, 1954 in the Supreme Court for New York County by a complaint which stated a cause of action for goods sold and delivered. The basis of this action was an agreement between plaintiff and defendant Alfa Export Corporation whereby Alfa was the exclusive export distributor for trucks manufactured by plaintiff. Under the agreement plaintiff was to receive payment for its trucks through assignment by Alfa of letters of credit opened with New York banks by the foreign purchasers. In its complaint plaintiff alleged that Alfa, in violation of its agreement to deposit the proceeds of letters of credit representing payments for trucks and parts, had collected the proceeds in its own name and refused to turn over approximately $435,000 which it had so collected.

On September 20, 1954 the defendant Alfa removed the case to this court and filed a counterclaim for breach of contract. Plaintiff then sought and obtained a writ of attachment in accordance with Rule 64, Fed.Rules Civ.Proc. 28 U.S.C.A., and Secs. 902, 903 of the New York Civil Practice Act. The writ issued on the ground that the action was for recovery of a sum of money only and the defendant was a foreign corporation. The United States Marshal attempted to levy on Alfa's property but it was discovered that all of Alfa's assets with the exception of balances totalling about $5,500 had been removed from the state. In order to obtain jurisdiction of the funds which had been removed, the plaintiff then obtained leave to file an amended complaint. In this amended complaint the original count for goods sold and delivered was realleged as count 1. The second and third counts alleged that the defendants wrongfully withheld money belonging to the plaintiff arising from assignments of letters of credit and that these funds were being converted and removed from the jurisdiction by defendant's officers, and requested injunctive relief and the appointment of a receiver. The amended complaint also added as parties defendant three officers of Alfa. Pursuant to an interlocutory order of Judge Murphy based on a finding that the plaintiff had established the requisite equitable interest in specific funds totaling $313,124.17 the defendants turned over this amount to a receiver pending determination of the action. The attachment, under which the Marshal now holds $5,500, is the only security for the remaining $100,000 of plaintiff's claim. The defendants now move to dismiss the action for improper venue and to vacate the attachment.

■■ The motion to dismiss is based on the fact that the defendants McCarthy and Nelson are not residents of New York. Defendant contends that plaintiff is not a resident of New York within the meaning of 28 U.S.C.A. § 1391 and that since neither all plaintiffs nor all defendants are residents of this district the action must be dismissed. Defendant's contention, however, overlooks the fact that this action is here on removal from the state court. 28 U.S.C.A. § 1391 does not apply to removed actions. Their venue is governed by 28 U.S.C.A. § 1441(a). Polizzi v. Cowles Magazines, Inc., 1953, 345 U.S. 663, 73 S.Ct. 900, 97 L.Ed. 1331, pet. for clarification of opinion denied, 345 U.S. 988, 73 S.Ct. 1128, 97 L.Ed. 1397; Moss v. Atlantic Coast Line Ry. Co., 2 Cir., 1946, 157 F. 2d 1005, certiorari denied, 1947, 330 U.S. 839, 67 S.Ct. 980, 91 L.Ed. 1286. Since under that section the only proper venue is the district wherein lies the state court in which the action was brought, there can be no question of improper venue here.

■ In support of its venue argument the defendant contended that plaintiff was not properly licensed to do business in New York. Although the venue question has already been disposed of, some question might be raised as to plaintiff's capacity to initiate the New York suit. That suit was commenced in September 1954 and on the 20th of that month the defendant Alfa removed it to this court. Thereafter on October 15th Fawick Corporation changed its name but failed to notify the Secretary of State of the change. In my opinion this failure of notification did not affect plaintiff's standing to commence this suit. Section 215 of the New York General Corporation Law, McK.Consol.Laws, c. 23, provides that if a corporation possessing a certificate to do business in New York fails to make proper notification to the Secretary of State of its change of name, "its authority to do business in this state shall cease and it shall be deemed to have thereby surrendered such authority as if it had filed a certificate of surrender of authority pursuant to section two hundred and sixteen." In defining the effects of the filing of this certificate of surrender, however, Section 216 provides:

"The filing of such certificate shall not, however, affect any action

pending at the time of surrender, or affect any right of action upon any contract made by the corporation in the state before the filing of the certificate of surrender of authority."

Thus it is clear that Fawick's change of name on October 15, 1954 has no bearing on plaintiff's standing here.

■ The motion to vacate the attachment is based on defendant's contention that by adding demands for equitable relief to its complaint plaintiff forfeited the right to attachment under New York Civil Practice Act Sec. 902, which authorizes attachment "in any action for the recovery of a sum of money only."

Under Federal Rule of Civil Procedure 64 attachment in the federal courts is governed by the law of the state in which the district court is held. Rule 81(e) requires further that we refer to "the statutes of that state and the state judicial decisions construing them." Sec. 902 of the New York Civil Practice Act provides that "a warrant of attachment * * * may be granted * * * in any action for the recovery of a sum of money only." The New York courts have consistently construed this or similar language to deny attachment in any case where equitable relief alone is sought, such as an action to declare that certain lands are held in trust for plaintiff and to order their conveyance, Thorington v. Merrick, 1885, 101 N.Y. 5, 3 N.E. 794, or an action for an accounting, Williams v. Freeman, N.Y.Sup.Ct. 1st Dept. 1887, 43 Hun 640, 12 Civ.Proc. R. 334, or other equitable remedies where no specific sum of money is sought, Ebner v. Bradford, N.Y.Sup.Ct. 1st Dist. 1867, 3 Abb.Prac.,N.S., 248; Ketchum v. Ketchum, N.Y.Sup.Ct. 1st Dist. 1865, 1 Abb.Prac.,N.S., 157, affirmed, 1866, 46 Barb. 43. Nor has attachment been allowed where a sum of money is sought alternatively to the recovery of specific property, Olsen v. United States Fidelity & Guaranty Co., 1920, 230 N.Y. 31, 128 N.E. 908, or in a foreclosure proceeding where the recovery of a sum of money is contingent on the occurrence of a defi-

ciency, Van Wyck v. Bauer, N.Y.Sup.Ct. 1st Dist. 1870, 9 Abb.Prac.,N.S., 142. The theory of these cases has generally been that no sum of money was sought at all, that it was not sufficiently certain that a money judgment would be appropriate or that the amount of money damages was not sufficiently certain because of the necessity of an accounting to determine it. In these circumstances attachment was obviously not an appropriate remedy.

The question here is whether plaintiff's request for equitable relief in the amended complaint vitiates the attachment based on his cause of action for breach of contract. Plaintiff argues that the equitable relief sought is merely relief in aid of attachment, similar to that secured in People ex rel. Cauffman v. Van Buren, 1892, 136 N.Y. 252, 32 N.E. 775, 20 L.R.A. 446. It is clear, however, that the equitable counts in his amended complaint are not of that nature. This is not relief sought by an attaching creditor to prevent his debtor from fraudulently disposing of the debtor's general assets. Plaintiff here alleges a cause of action in equity based on the theory that the debtor is holding specific funds which in fact belong to the plaintiff.

Some of the New York cases indicate in rather broad language that if a plaintiff joins in his complaint a single count as to which attachment would not be allowed, he forfeits his right to attachment altogether; Haroco Co., Inc., v. Sahim, Sup.Ct.N.Y.County 1951, 105 N.Y.S.2d 977, affirmed 1952, 279 App.Div. 866, 110 N.Y.S.2d 904; Brown v. Chaminade Velours, Inc., Sup.Ct.N.Y.County 1941, 176 Misc. 238, 26 N.Y.S.2d 1009, affirmed 1st Dept. 1941, 261 App.Div. 1071, 26 N. Y.S.2d 1012; Dunn v. Greenberg, Sup. Ct.N.Y.County 1947, 67 N.Y.S.2d 789; American European Export Co., Inc., v. John E. Safran Co., Inc., Sup.Ct.N.Y. County 1947, 68 N.Y.S.2d 174; see Beltran Associates, Inc., v. Steamaster Automatic Boiler Co., Inc., Sup.Ct.N.Y. County 1949, 92 N.Y.S.2d 691. These cases rely heavily on the old case of Union Consolidated Mining Company of

Tennessee v. Raht, N.Y.Sup.Ct. 1st Dept. 1876, 9 Hun 208, appeal dismissed 1877, 68 N.Y. 629. But as Judge Weinfeld has pointed out in discussing this line of authority:

"The underlying reason is that in such a case the recovery against a defendant might be for the cause of action upon which no attachment could have been issued, with the practical result that satisfaction of such a judgment would be enforced through an attachment upon a claim for which no attachment was procurable." Republic of Italy v. DeAngelis, D.C.S.D.N.Y.1953, 111 F. Supp. 216, 220.

Nearly every case which has followed the line of authority commencing with the Union Consolidated case has involved a fact situation where this reasoning was applicable, e.g., American European Export Co., Inc. v. John E. Safran Co., supra; Haroco Co., Inc., v. Sahim, supra; Dunn v. Greenberg, supra. The only exception which has been called to my attention is Brown v. Chaminade Velours, Inc., supra. In that case plaintiff sued on four counts to recover sums of money and added a fifth count to set aside fraudulent transfers by the defendant. Without examining the basis of the Union Consolidated case the court cited it as controlling. It seems clear, however, that the reasoning of the earlier case does not apply to the situation before the court in the Brown case, since the attached property there could obviously be applied only against the demands for sums of money. As against the Brown case there is the earlier decision in Roth v. American Piano Mfg. Co., Sup.Ct. St.Lawrence County, 1901, 35 Misc. 509, 71 N.Y.S. 1080. Plaintiff there joined four causes of action. As to one of them the court found that the amount sought was not sufficiently definite to permit attachment, but the court held that this would not destroy plaintiff's right to attachment in a sum sufficient to cover the three remaining counts. The court distinguished the Union Consolidated case,

recognizing the basis of that decision as set out above. The court argued that in the situation before it the only reason attachment was not allowed with respect to the fourth cause of action was because of the indefiniteness of the amount and that there would be no impropriety in using part of the attached property to satisfy that demand. Thus there was no reason to deprive plaintiff of his attachment on the other three counts. Defendant cites in support of its motion Reitmeister v. Reitmeister, 1st Dept. 1948, 273 App.Div. 652, 79 N.Y.S.2d 22, but that case tends to support the attachment, if anything. There the plaintiff joined a count for a sum of money with a count in replevin. The court recognized that the count in replevin was clearly not within Sec. 902 and the defendant argued that because of this the plaintiff's entire attachment was vitiated. The court avoided this issue, however, and went to some trouble to determine that the attachment must be vacated because the first count was not supported by a sufficient showing of fact.

Applying these New York cases to this motion I find no reason why the plaintiff's attachment should not stand. The plaintiff's claim is essentially to recover a sum of money as damages for breach of contract. The cause of action in equity is obviously a means whereby plaintiff seeks to bring within the Court's jurisdiction some part of the assets necessary to satisfy its claim. To the extent that it recovers on the equitable counts the recovery will be had out of the funds already turned over to the receiver. Any amounts levied on under the writ of attachment can be used only to satisfy a judgment for breach of contract over and above the funds in the hands of the receiver. Thus there is no possibility of any of the attached property being applied to the satisfaction of a claim as to which attachment would not lie. The rationale of the Union Consolidated case is therefore inapplicable and the case is governed by the considerations set forth in the Roth case.

**112**

There is no difficulty in bringing the attachment .within the strict wording of the New York statute. The plaintiff seeks "a sum of money only." Because of the efforts of the defendant to render himself judgment proof and thereby deprive the plaintiff of his recovery, plaintiff has sought the assistance of equity in bringing certain property within the jurisdiction of the court. To hold that in doing so he forfeits what little benefit his attachment gave him would, it seems to me, pervert the real intendment of the New York statute.

Defendants' motions are in all respects denied.