**Ralph CRAFT, Plaintiff,**

v.

**James Joseph MURPHY, Bernard H. Ridder and Jack Blair and Earl Blair, Partners doing business as Blair Brothers, a Partnership, being the same persons as Jack Blair and Earl Blair, Partners doing business as Jack and Earl Blair Rental Cars, a Partnership, Defendants.**

**Marie CRAFT, Plaintiff,**

v.

**James Joseph MURPHY, Bernard H. Ridder and Jack Blair and Earl Blair, Partners doing business as Blair Brothers, a Partnership, being the same persons as Jack Blair and Earl Blair, Partners doing business as Jack and Earl Blair Rental Cars, a Partnership, Defendants.**

**Civ. A. Nos. 1305–N, 1306–N.**

United States District Court
M. D. Alabama, N. D.

Nov. 15, 1957.

Reynolds & Reynolds, Clanton, Ala. and Hill, Hill, Stovall & Carter, Montgomery, Ala., for plaintiffs.

Rushton, Stakely & Johnston, Montgomery, Ala., for defendants Murphy and Ridder.

Knabe & Nachman and Steiner, Crum & Baker, Montgomery, Ala., for defendants Jack Blair and Earl Blair.

JOHNSON, District Judge.

The above-captioned cases, having been on October 9, 1957, ordered consolidated for trial, are now submitted to the Court upon the motion of Jack Blair and Earl Blair, individually, and as partners doing business as Blair Brothers, a partnership, said defendants appearing in each of these cases specially and solely for the purpose of challenging the jurisdiction and venue of this Court as to them. By said motion in each of these cases, these defendants seek to have the Court quash the service of the summons and

complaint upon the ground that the Court has no jurisdiction over them; said motions also seek dismissal of these actions as to them because this judicial district is the improper venue. These actions are based upon personal injuries the plaintiffs claim they received in an automobile accident occurring in this district. The cases were originally filed in the Alabama State court by the plaintiffs, naming Murphy and Ridder as defendants. The defendants removed these actions to this Court. The plaintiffs are citizens of Missouri; the defendant Murphy is a citizen of Virginia and the defendant Ridder is a citizen of Minnesota; both of the Blairs are citizens of and reside in the State of Florida. The Blairs were not named in these cases until after the causes were pre-tried as to the defendants Murphy and Ridder. Plaintiffs first sought to include the Blairs in these actions by an amendment filed by leave of this Court on October 15, 1957. Service of process was made through the Secretary of State, pursuant to the Alabama nonresident service statute, cited as Title 7, § 199, 1940 Code of Alabama. This statute provides for service of process upon a nonresident under certain circumstances. It is this service that the defendant Blairs move this Court to quash.

There is no question but that if these actions had been originally commenced in this Court, venue as to the Blairs would have been improper, since neither all the plaintiffs nor all the defendants resided in this district. The Blairs could have objected to the venue of this Court, invoking § 1391, Title 28 U.S.C.A., which is as follows:

"(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside.

"(b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, except as otherwise provided by law."

The Blairs now contend that § 1391 has not been complied with and thus venue is improper as to them. Plaintiffs contend that § 1391 is not the applicable venue statute but that § 1441(a) is the applicable venue statute. Plaintiffs, in effect, say that since these actions were removed from the State Court, this district is now the proper venue for everyone regardless of where they reside or whether or not they were parties when the suit was in the Alabama State court. The defendants meet this by saying that regardless of where these actions were commenced they were not parties until after the cases were in federal court and thus, as to them, these actions were commenced in the federal court.

The plaintiffs support their contention primarily with the case of Fawick Corporation v. Alfa Export Corporation, D.C. N.Y. 135 F.Supp. 108, 109. The pertinent facts of this case were: Plaintiff, a nonresident of New York, sued defendant in state court of New York. The defendant removed to federal court. Then the plaintiff by amendment brought defendants McCarthy and Nelson, nonresidents of New York, into the action. Nelson and McCarthy objected to the venue since neither all the plaintiffs nor all the defendants were from the southern district of New York. The court stated:

"The motion to dismiss is based on the fact that the defendants McCarthy and Nelson are not residents of New York. Defendant contends that plaintiff is not a resident of New York within the meaning of 28 U.S.C.A. § 1391 and that since neither all plaintiffs nor all defendants are residents of this district the action must be dismissed. Defendant's contention, however, overlooks the fact that this action is here on removal from the state court. 28 U.S.C.A. § 1391 does not apply to removed actions. Their venue is governed by 28 U.S. C.A. § 1441(a). Polizzi v. Cowles

Magazines, Inc., 1953, 345 U.S. 663, 73 S.Ct. 900, 97 L.Ed. 1331, petition for clarification of opinion denied, 345 U.S. 988, 73 S.Ct. 1128, 97 L.Ed. 1397; Moss v. Atlantic Coast Line Ry. Co., 2 Cir., 1946, 157 F.2d 1005, certiorari denied 1947, 330 U.S. 839, 67 S.Ct. 980, 91 L.Ed. 1286. Since under that section the only proper venue is the district wherein lies the state court in which the action was brought, there can be no question of improper venue here."

It appears that this district court case is in point with these cases that are now before the Court. However, it is the judgment of this Court that this case is not sound and this Court declines to follow the Fawick case. Many complications and many inequities will arise if the Fawick case is followed. A study of the Moss and Polizzi cases, cited by the court in the Fawick case, reflects that those cases are not in point and do not stand as proper authority for the position taken by the district court in the Fawick case. Both the Moss case and the Polizzi case cite § 1441(a) for completely different reasons than that contended here by the plaintiffs.

 This Court is of the opinion that these actions were, as to the Blairs, commenced on October 15, 1957, in this Court and that the case of Olberding v. Illinois Central R. Co., 346 U.S. 338, 74 S.Ct. 83, 86, 98 L.Ed. 39, is controlling. In that case, the Supreme Court of the United States stated:

"The fact that a non-resident motorist who comes into Kentucky can, consistent with the Due Process Clause of the Fourteenth Amendment, be subjected to suit in the appropriate Kentucky state court has nothing whatever to do with his rights under 28 U.S.C. § 1391(a)."

The reasoning in the Olberding case that substituted service statutes cannot take away from nonresidents (the Blairs in this case) the right to insist upon the proper venue where actions are commenced in federal court is sound. To hold otherwise would be to say that the Blairs' rights in these cases were adjudicated prior to the time they knew anything about them. The position this Court is now taking is strengthened by recognizing that the plaintiffs could have properly joined the Blairs in the Alabama State court and could have under the substituted service statute obtained legal service upon them. However, they failed to do this. They only sought to sue the Blairs in this court. In short, plaintiffs' failure to act cannot deprive the Blairs of their rights.

Since this Court is holding that there is no venue in this district as to the Blairs in either of these cases, the question concerning jurisdiction raised in the Blairs' motion becomes an academic one and necessitates no action by this Court.

In accordance with the foregoing and for good cause shown:

It is the order, judgment and decree of this Court that the motion of Jack Blair and Earl Blair, individually, and as partners doing business as Blair Brothers, a partnership, to dismiss the cause styled Craft v. Murphy, Civil Action No. 1305–N, upon the ground that this is the improper venue, should be and the same is hereby granted; said cause is hereby ordered dismissed as to Jack Blair and Earl Blair, individually and as partners doing business as Blair Brothers, a partnership.

It is the further order, judgment and decree of this Court that the motion of Jack Blair and Earl Blair, individually, and as partners doing business as Blair Brothers, a partnership, to dismiss the cause styled Craft v. Murphy, Civil Action No. 1306–N, upon the ground that this is the improper venue, should be and the same is hereby granted; said cause is hereby ordered dismissed as to Jack Blair and Earl Blair, individually and as partners doing business as Blair Brothers, a partnership.